### THOMAS J. FULCHER v. THE STATE.

*No. 805.   Decided December 6.*

**Assault With Intent to Murder—Limitation of the Prosecution.**—On a trial for murder, where the indictment was not presented until six years had elapsed from the date of the murder, defendant was found guilty of assault with intent to murder. *Held*, the conviction was contrary to law; the crime of assault with intent to murder was barred by limitation when the indictment for murder was found. Code Crim. Proc., art. 199.

APPEAL from the District Court of Knox. Tried below before Hon. W. R. McGILL.

Appellant was indicted March 28, 1893, in the county of Motley, for the murder of A. Beemer, alleged to have been committed on the 7th day of September, 1887.

On account of the sparseness of population and difficulty of getting a jury in that county, the venue was changed to the county of Knox. At his trial in Knox County appellant was convicted of assault with intent to murder, the punishment being assessed at seven years in the penitentiary.

Defendant moved the court to arrest the judgment, because the offense of which he was convicted, to wit, assault with intent to murder, was barred by limitation when the indictment in the case was presented against him.   This motion was overruled.

*F. G. Thurmond* and *J. E. Yantis*, for appellant.—The court erred in not sustaining the motion in arrest of judgment.   White v. The State, 4 Texas Crim. App., 488; Temple v. The State, 15 Texas Crim. App., 304; Code Crim. Proc., art. 199; Id., art. 420, subdiv. 6; Bingham v. The State, 2 Texas Crim. App., 21; Shoefercater v. The State, 5 Texas Crim. App., 207.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—On the 28th day of March, 1893, the grand jury of Motley County presented into the District Court an indictment against appellant, which charged him with the murder of A. Beemer, on or about the 7th day of September, 1887, which was about six years before the indictment was presented.   Upon the trial on said indictment, appellant was convicted of an assault with intent to murder.   Appellant filed and presented his motion in arrest of judgment, because the offense for which he was convicted was barred by the statute of limitation.   The motion was overruled.

Upon the plainest principle of law, supported by an unbroken line of authority, the motion should have been sustained.   Murder being charged, a motion to quash was not available; but when the verdict for the assault to murder was returned, murder being eliminated, the motion in arrest was then properly invoked.   Why the court overruled the motion, thus forcing appellant to appeal to this court, is past our comprehension.   That the assault was barred can not be questioned.   Code Crim. Proc., art. 199.   Besides this, the evidence established the fact that the assault was made sometime in September, 1887.

The judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*

DAVIDSON, Judge, disqualified, and did not sit in this case.