### EX PARTE J. H. BLACK.

#### No. 4142. Decided November 11, 1908.

**Rape—Habeas Corpus—Limitation—Consent—Age of Prosecutrix.**

Where upon habeas corpus it appeared on appeal that the act of carnal intercourse upon which the charge of rape was based occurred more than a year prior to the beginning of the prosecution, the offense was barred by limitation. Besides the evidence shows the consent of the prosecutrix who was 23 years of age at the time.

Appeal from the District Court of Galveston. Tried below before the Hon. Lewis Fisher, in vacation.

Appeal from habeas corpus proceedings, asking release from commitment in default of given bond.

The opinion states the case.

*R. H.* and *Alice S. Tiernan,* for appellant.—Cited: Arnold v. State, 51 S. W. Rep., 385; Ship v. State, 45 S. W. Rep., 909; Lee v. State, 64 S. W. Rep., 1047; Edmonson v. State, 44 S. W. Rep., 154; Thompson v. State, 33 Texas Crim. App., 472; 26 S. W. Rep., 987.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator applied to the Hon. Lewis Fisher, Judge of the Tenth Judicial District of Texas, for a writ of habeas corpus, and upon hearing, was remanded to the custody of the sheriff on a charge in the justice court of rape.

It appears from the record that relator had previously had an examining trial on the 21st of September, 1908, before the justice of the peace of said county, and was remanded to custody in default of the giving of a $5,000 bond. Upon a subsequent hearing the district judge fixed the bond at $2,000.

The prosecuting witness swears that the first carnal intercourse took place in the month of May, 1907, more than a year prior to the beginning of the prosecution in this case. It follows, therefore, that the prosecution is barred by the statute of limitation. Furthermore, we do not think the evidence in this case shows the offense of rape, but on the contrary shows a clear consent on the part of the prosecutrix. We do not deem it necessary to collate the evidence. Suffice it to say, the prosecutrix is 23 years of age, and the circumstances show that the illicit intercourse occurred in the kitchen with relator's family sitting on the gallery, and the intercourse occurred under such circumstances that showed clear consent on the part of prosecutrix. Furthermore, she made no outcry, and manifested no concern about this supposed outrage upon her until a year or more afterwards.

The judgment is accordingly reversed, and relator ordered discharged.

*Relator discharged.*