## EX PARTE JACK RICKETTS.

No. 23243. Delivered October 24, 1945.

The opinion states the case.

*Benjamin Kucera,* of Lubbock, for appellant.

*Burton S. Burks,* District Attorney, of Lubbock, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator seeks to be released from the state penitentiary, where he is confined, under and by virtue of a judgment of conviction in the District Court of King County upon an indictment then pending in said court charging him with the offense of burglary and the sentence pronounced upon him by said court on the 6th day of March, 1944. Thereafter, on the 20th day of July, 1945, he applied to the Honorable G. V. Pardue, Judge of the District Court of Lubbock County, for a writ of habeas corpus. The writ was granted as prayed for and made returnable to this court in compliance with Art. 119, C.C.P., as amended by Section 1, Chapter 233, Acts of the 48th Legislature, Regular

Session, 1943. The trial court caused the facts, as developed before him, to be transcribed and directed that the same be transmitted to this court together with the transcript, which was accordingly done.

Relator, by and through his counsel, takes the position that under Art. 119, C.C.P., as amended by the 48th Legislature, he has the legal right in a collateral proceeding to impeach and set aside an apparently valid judgment of a court of competent jurisdiction and that he may substitute the writ of habeas corpus for the remedy accorded him by an appeal from such judgment. The judgment of the District Court of King County is in proper form and verbiage. It contains, among others, the following recitals:

"* * * The State appeared by her District Attorney, and the defendant, Jack Ricketts, appeared in person, his counsel also being present, and both parties announced ready for trial, and defendant in open court, in person, pleaded guilty to the charge in the indictment. Thereupon the said defendant was admonished by the Court of the consequences of said pleas, and the said defendant persisted in pleading guilty; and it plainly appearing to the Court that the said defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt, the said plea of guilty is by the Court received, and here now entered of record upon the minutes of the Court as the plea herein of said defendant," etc.

That the court had jurisdiction of the person, of the subject matter, as well as the power to render the judgment, is not even questioned.

This court has uniformly held for more than one-half of a century that a writ of habeas corpus cannot be substituted for the remedy of an appeal accorded to a defendant by law. This was the settled rule of this state long prior to and at the time that Art. 119, C.C.P., was amended by the Legislature, and unless said article accords to the relator such right, it does not exist. We find nothing in the statute mentioned which expressly or impliedly accords same to him or in any degree enlarged his legal right but, on the contrary, limits and restricts the powers of the District Courts. That this proceeding to which relator has resorted is a collateral attack upon what appears to be a valid judgment of a court of competent jurisdiction is quite obvious. This he cannot do any more than he can resort to the writ of habeas corpus as a substitute for the right of an appeal.

In the case of Ex parte Dickerson, 30 Tex. Cr. App. 448, this court, speaking through Judge Davidson, said:

"The judgment of inferior courts can only be attacked by writ of habeas corpus for such illegalities as render them void. Ex parte Gibson, 31 Cal., 619. Erroneous judgment of inferior courts having jurisdiction of the subject-matter and of the person can not be successfully attacked upon habeas corpus, unless they are so far erroneous as to be absolutely void. 9 Am. and Eng. Encyc. of Law, p. 222, and note 2. 'The judgment of a court of competent jurisdiction can not be impeached on a collateral attack by habeas corpus for errors or irregularities not extending so far as to affect the question of power or jurisdiction in the court to act in the case'."

See Ex parte Crofford, 39 Tex. Cr. 547; Ex parte Cox, 53 Tex. Cr. R. 240; Holloway v. State, 184 S. W. (2d) 479; Ex parte Clinnard, 169 S. W. (2d) 181, and authorities cited.

From what we have said it follows that the relator should be remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.