The STATE of Texas, Appellant,

v.

Ronald Wayne YOUNT, Appellee.

No. 09–90–170 CR.

Court of Appeals of Texas, Beaumont.

Dec. 11, 1991.

Discretionary Review Refused March 18, 1992.

David Ball, Jr., Montgomery, for appellant.

Peter Speers, III, Dist. Atty. and Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This somewhat unusual case comes to us from the 221st Judicial District Court in and for Montgomery County, Texas, Honorable Lee Alworth, presiding.

The State of Texas is the appellant and Ronald Wayne Yount is the appellee.

Mr. Yount was indicted in three separate indictments for three separate offenses of felony involuntary manslaughter. Appellee pled not guilty and, following a jury trial which commenced on August 6, 1990, he was found Guilty on a charge of the lesser included offense of misdemeanor Driving While Intoxicated. The trial court assessed his punishment at two (2) years confinement in the Montgomery County Jail, a Two Thousand Dollar ($2,000.00) fine, and suspension of the appellee's driver's license for a period of two (2) years upon appellee's release from the Montgomery County Jail.

On August 13, 1991, the appellee submitted a Motion to Set Aside the Verdict and Judgment of the trial court, alleging that the TEX.CODE CRIM.PROC.ANN. art. 12.02 (Vernon 1977) prohibits the conviction for misdemeanor driving while intoxicated. The appellee contended that the statute prohibits a period of more than two years from the date of the commission of the offense, November 21, 1987, to the date of the indictment or information, February 21, 1990, and that more than two years had passed, invalidating the conviction. The trial court granted the Motion to Set Aside the Verdict and Judgment on August 30, 1990. The State then perfected its appeal to this Court.

The evidence presented by the State reflects that on November 21, 1987, a witness named Don Martin and his mother, Elizabeth Arledge, were driving westbound on Highway 105, away from Conroe, Texas. Don Martin was driving, and his mother was a passenger in his car when a white Cadillac approached his car head-on and forced him off the side of the road. As Don Martin left the road, he looked into his rear-view mirror, and saw the white Cadillac hit the car behind him, a Camaro. The witness saw the accident in his rear-view mirror, and turned his car around to see if he could be of any assistance to the occupants of the car. Further testimony would show that the driver of the Camaro was Clayton Rainey who described the white Cadillac that drove head-on in Rainey's lane of traffic and hit his Camaro. Rainey testified that the impact of the Cadillac hitting his Camaro knocked his head into the windshield, breaking the windshield, and forcing his car into a ditch.

The driver of the white Cadillac was identified as Ronald Wayne Yount, the appellee before this Court. Yount testified that he had been to a bar in Conroe the evening of November 20, until the early morning of November 21, 1987, and that he left the bar "... intoxicated but I didn't think I was—I wasn't falling down drunk." When his Cadillac hit the Camaro on Highway 105, Yount, the driver, was injured, but all three passengers in his car, Andrew Scott Long, Reba Sue Wilson, and Wendy Ann Chesnut, died as a result of the impact. Andrew Scott Long and Reba Sue Wilson died at the scene of the wreck, and Wendy Ann Chesnut died shortly thereafter at Medical Center Hospital.

The alcohol level in the appellee's body, approximately more than two hours after the accident, was 233 milligrams of alcohol per deciliter of blood, or .233. Such an alcohol level is considered to be halfway to

a lethal dose of alcohol, a lethal dose being between 400 and 800 milligrams of alcohol per deciliter.

The State brings only one point of error stating that the trial court erred in granting appellee's Motion to Set Aside Verdict and Judgment. We overrule this point of error and affirm the trial court.

In his Motion to Set Aside the Verdict and Judgment, the appellee contends that his conviction was invalid. He argues that TEX.CODE CRIM.PROC.ANN. art. 12.02 (Vernon 1977) prohibits his conviction for misdemeanor Driving While Intoxicated because a period of more than 2 years had passed from the date of the commission of the offense, November 21, 1987, and the date of the indictment for Involuntary Manslaughter on February 21, 1990.

Appellee, in his Motion to Set Aside Verdict relied primarily on the cases of *Gallardo v. State*, 768 S.W.2d 875 (Tex.App.—San Antonio 1989, pet. ref'd) and *Alston v. State*, 738 S.W.2d 762 (Tex.App.—Beaumont 1987, no writ).

We believe *Gallardo* to be directly on point of the primary issues before us. We quote:

> ... One may not be convicted of a lesser included offense if the period of limitation for the lesser offense has expired notwithstanding the fact that one could be convicted of the greater crime or offense charged in the indictment due to a longer applicable period of limitation. Citing *McKinney v. State*, 96 Tex.Crim. 342, 257 S.W. 258 (1923); *Alston v. State, supra; Peacock v. State*, 690 S.W.2d 613 (Tex.App.—Tyler 1985); 21 AM.JUR.2d, Criminal Law § 225, p. 411.

■ Neither appellant nor appellee suggest by what standard this Court is to review the trial court's setting aside of the verdict and judgment. We determine that abuse of discretion is the proper standard.

■ When confronted with defendant's Motion to Set Aside the Verdict and Judgment, it would have been an abuse of discretion for the trial court to simply disregard the clear and unambiguous language of *Gallardo*.

The State made no objection to appellant's request that the limited misdemeanor offense be included in the charge. The State now would have us reverse the trial court for appellee's failure to object to his own requested inclusion. We shall not.

■ In furtherance of *Gallardo*, our narrow and restrictive holding in this case is that where the State obtains an indictment at a time when the statute of limitations has run on the lesser included offense or offenses, then that limitated offense shall not serve as the basis for a conviction and the jury shall not be charged upon such limitated lesser offense.

If the State wishes to avail itself of those lesser included offenses, then the State must seek its indictment on the felony offense prior to the running of the statute of limitations on those lesser included offenses. We believe that this requirement fits the intended purpose of Article 12.02 CODE CRIM.PROC. and hopefully, adds at least some amplification to *Alston* and *Gallardo, supra*.

The trial court erred by including in the charge the lesser included offense of Driving While Intoxicated. However, the trial court corrected its own error by setting aside the verdict and the judgment. We find no error in the court's decision.

AFFIRMED.