The STATE of Texas, Appellant,

v.

Ronald Wayne YOUNT, Appellee.

No. 093–92.

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

Rehearing Denied May 19, 1993.

Peter C. Speers, III, Dist. Atty., Kathleen A. Hamilton, Asst. Dist. Atty., Conroe, for appellant.

David Ball, Jr., Montgomery, for appellee.

Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON STATE'S MOTION FOR REHEARING AFTER PETITION FOR DISCRETIONARY REVIEW REFUSED

CAMPBELL, Judge.

Appellee, Ronald Wayne Yount, was indicted for three separate offenses of involuntary manslaughter. See Tex.Penal Code § 19.05. Upon appellee's request, the trial judge charged the jury upon not only involuntary manslaughter (a felony) but also the lesser included offense of driving while intoxicated (a misdemeanor). See Tex.Rev. Civ.Stat. art. 6701*l*-1(b) to (c). A jury found appellee guilty of the misdemeanor offense, and the trial court assessed punishment at two years imprisonment, suspension of appellee's driver's license for two years upon his release, plus a fine of two thousand dollars. The trial court, however, then granted appellee's motion to set aside the judgment, because the statute of limitations had run on the misdemeanor offense. See Tex.Code Crim.Proc. art. 12.-02. The Ninth Court of Appeals affirmed the trial court's decision. *State v. Yount*, 820 S.W.2d 252 (Tex.App.—Beaumont 1991). We granted the State's motion for rehearing after petition for discretionary review was refused, to decide whether the court of appeals erred in holding that the trial court correctly granted appellee's motion to set aside the judgment. We will reverse the judgments of the trial court and the court of appeals and reinstate the trial court's original judgment and sentence.

The court of appeals held that the trial court did not err in granting appellee's motion to set aside the judgment, holding that a defendant "may not be convicted of a lesser included offense if the period of limitations for the lesser offense has expired notwithstanding the fact that [the defendant] could be convicted of the greater ... offense ... due to a longer applicable period of limitation." *State v. Yount*, 820 S.W.2d at 254, quoting *Gallardo v. State*, 768 S.W.2d 875, 879 (Tex.App.—San Antonio 1989, pet. ref'd). The court of appeals reviewed the trial court's ruling under an abuse of discretion standard and reasoned that "it would have been an abuse of discretion for the trial court to simply disregard the clear and unambiguous language of *Gallardo*." *State v. Yount*, 820 S.W.2d at 254. The court of appeals concluded its analysis by finding that the trial court had erred in submitting the charge on the time-barred offense, but had "corrected its own error by setting aside the verdict and the judgment." *Id.*

In its brief to this Court, the State argues initially that the court of appeals erred in affirming the judgment of the trial court based upon the decision in *Gallardo*, which is not dispositive due to the differing posture of its underlying facts. The State argues that *Gallardo*, unlike the instant case, involved a situation wherein the indictment itself was flawed because the statute of limitations had already run on the charged offense. Additionally, the State argues that this case differs from *Gallardo* because "there were no indications [in *Gallardo* ] that the defendant himself had requested that the instructions on the lesser included misdemeanor offenses be included." Finally, the State argues that since appellee invited the error by specifically requesting the charge on the lesser included offense, he should be estopped from now complaining of that error.

In response, appellee directs our attention to the fact that the State failed to object to the submission of the misdemeanor charge. Appellee argues that the State was negligent in failing to charge him with the misdemeanor offense before the expiration of the applicable statute of limitations. Appellee also argues that if the State's argument is accepted, in future cases where the statute of limitations has already expired on lesser included offenses, the State could purposefully charge defendants with the greater offense as a means of circumventing the statute of limitations applicable to the time-barred offense. Additionally, appellee argues that not only *Gallardo*, but also *Alston v. State*, 738 S.W.2d 762 (Tex.App.—Beaumont 1987, no pet.), supports the court of appeals' disposition of this case.

The court of appeals' reliance upon *Gallardo* and *Alston* was misplaced, as the facts of those two cases fail to render them dispositive of the instant case. In *Gallardo*, the statute of limitations was determined to have already run on the offense for which the defendant was indicted when the indictment was presented. 768 S.W.2d at 880. Likewise in *Alston*, at the time the indictment was presented, the statute of limitations pertaining to the charged offense had already expired. 738 S.W.2d at 762. In this case, the statute of limitations had not expired on the felony offense for which appellee was indicted. Thus, this case presents a situation wholly different than that addressed in either *Gallardo* or *Alston*.

■ Having disposed of the applicability of *Gallardo* and *Alston*, we must make some general observations about the nature of statutes of limitations. This Court's past pronouncements regarding limitations statutes have lacked consistency. Since the holding in *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App.1977), however, we have expressly treated limitations as a jurisdictional issue. If the State alleged in an indictment that the offense was committed at a time beyond that permitted by the statute of limitations, the trial court did not have jurisdiction over the defendant. *Id.* at 203. The error committed was fundamental and could be raised for the first time on appeal. *Id.*

In 1990, however, we interpreted the 1985 amendments to Article V, § 12 of the Texas Constitution and Article 1.14(b) of the Code of Criminal Procedure and determined that if an error in a charging instrument was not raised before trial, any such error was waived. *Studer v. State*, 799 S.W.2d 263, 273 (Tex.Cr.App.1990). More-over, jurisdiction was conferred upon the trial court by the presentment of the charging instrument, even if the charging instrument was flawed. *Id.* at 268. If the defendant failed to direct the trial court's attention to the defects in the charging instrument before trial, the defendant would be precluded from raising those defects "on appeal or in any postconviction proceeding." *Id.* at 271 n. 11. Therefore, an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error.[1]

In this case, appellee did inform the trial court of the limitations bar, by way of a motion to set aside the judgment. Before trial, appellee could not attack the indictment on limitations grounds because the indicted offense (involuntary manslaughter) was not time-barred. In this regard, appellee could not have known what the evidence would show. Appellee, however, requested that the lesser offense instruction be included. While he may not have known that the evidence would warrant only a finding of guilt of the lesser offense, his actions in requesting the instruction are indicative of his desire that if the jury returned a verdict of guilt, it would be guilt of the lesser offense only. While we have not addressed this exact issue before, an almost identical situation was presented to the Rhode Island Supreme Court in *State v. Lambrechts*, 585 A.2d 645 (R.I.1991).

In that case, the defendant had been charged with six counts of first-degree sexual assault but was convicted of six counts of second-degree sexual assault. At trial, appellant had requested that the jury be instructed on the lesser included offense of

---

1. We note that all of the federal circuit courts that have addressed the question of the statute of limitations as a defense have held that it is a waivable defense, and thus does not implicate the doctrine of fundamental error. See *United States v. Del Percio*, 870 F.2d 1090 (6th Cir. 1989); *United States v. Gallup*, 812 F.2d 1271 (10th Cir.1987); *United States v. DeTar*, 832 F.2d 1110 (9th Cir.1987); *United States v. Karlin*, 785 F.2d 90 (3d Cir.1986), cert. denied, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United* States v. Meeker, 701 F.2d 685 (7th Cir.1983), cert. denied, 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Walsh*, 700 F.2d 846 (2d Cir.1983), cert. denied, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Williams*, 684 F.2d 296 (4th Cir.1982), cert. denied, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *United States v. Wild*, 551 F.2d 418 (D.C.Cir.1977), cert. denied, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977).

second-degree sexual assault, each count of which was barred by limitations. The Rhode Island Supreme Court held "that the statute of limitations is a waivable affirmative defense" and that appellant had waived that affirmative defense by requesting that the jury be instructed on the lesser offense. *Id.* at 647–648.

The *Lambrechts* court relied heavily upon the case of *United States v. DeTar,* 832 F.2d 1110 (9th Cir.1987), in which the defendant had contended that the trial judge committed error in not submitting a lesser included offense instruction concerning a time-barred offense. *DeTar,* 832 F.2d at 1113. The defendant also maintained, however, that his request for such an instruction constituted no waiver of the limitations defense. *Id.* at 1115. The *DeTar* court rejected the argument based upon the rationale that instructing the jury on an offense of which it could not validly convict would serve no purpose other than to mislead the jurors. *Id.* The circuit court noted that there would have been no problem in allowing the defendant the benefit of the lesser offense instruction if he had been willing to waive his limitations defense. *Id.* The court concluded that treating the defendant's request and receipt of the lesser included offense instruction as a valid waiver best avoided "the alternative evils of misleading the jury or denying a defendant an instruction that he desires and would be entitled to, but for the bar of limitations." *Id.*

Similar reasoning was used in the case of *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). In *Spaziano,* the defendant was charged with and convicted of capital murder. At the close of the evidence, the trial judge offered to instruct the jury on lesser included offenses which were time-barred, if the defendant would waive his limitations defenses. The defendant refused and the jury was instructed only on the capital offense. The Supreme Court rejected the petitioner's argument that he was entitled to instructions on the time-barred offenses because such instructions would only mislead the jury into believing that they could convict the defendant of one out of a number of crimes, when no such choice was actually available. *Id.* at 456, 104 S.Ct. at 3160. The Supreme Court decided that it was better to give the defendant a choice "between having the benefit of the lesser included offense instruction or asserting the statute of limitations on the lesser included offenses." *Id.* Since the petitioner had refused to waive his limitations defense, the trial court had committed no error in refusing to charge the jury on the lesser included offenses. *Id.* at 457, 104 S.Ct. at 3160.

█ While none of these aforementioned cases is controlling, the reasoning used in them is applicable and persuasive. Moreover, this case is analogous to the situation we addressed in *State v. Lee,* 818 S.W.2d 778 (Tex.Cr.App.1991). In *Lee,* the defendant had been indicted for the offense of murder. Upon the defendant's request, the trial court instructed the jury on the lesser included offense of voluntary manslaughter. The jury found the defendant guilty of voluntary manslaughter. The defendant then claimed on appeal that the evidence was insufficient to support his conviction for voluntary manslaughter. A plurality of this Court held that

> by invoking the benefit of the lesser included offense charge at trial in not objecting to its submission to the jury, and in fact by requesting that such instructions be included, appellant is estopped from then complaining on appeal that the evidence failed to establish all the elements of that lesser offense. *Id.* at 781.

Likewise in the instant case, appellee invoked the benefit of the lesser included offense charge by requesting that it be submitted to the jury. Therefore, we conclude that appellee cannot benefit from the lesser included offense instruction and then attack his conviction of that lesser included offense on limitations grounds. Since appellee requested that the jury be instructed on the lesser included offense, he is now estopped from complaining that his conviction of that offense is barred by limitations. The court of appeals' erred in affirming the trial court's action of setting aside the original judgment.

The judgment of the court of appeals is REVERSED, and the original judgment and sentence of the trial court are reinstated.

BAIRD, Judge, concurring.

For the following reasons, I concur in the result only.

## I.

As this is a case of first impression, the majority correctly seeks guidance from other jurisdictions. However, the majority omits from its discussion two cases which I feel are essential to the disposition of the State's question for review.[1] The first case is *Askins v. United States*, 251 F.2d 909 (D.C.Cir.1958). Askins was indicted for first degree murder, an offense for which there was no statute of limitations, and the *prosecutor requested* and received a charge on second degree murder, a lesser included offense. *Askins v. United States*, 231 F.2d 741 (D.C.Cir.1956). *See also, United States v. Williams*, 684 F.2d 296, 299 (Fourth Cir.1982). Askins was convicted of second degree murder. Askins attacked his conviction, alleging it was barred by the statute of limitations. The Court of Appeals agreed and reversed the conviction.

A nearly identical situation was presented in *Williams*. Williams was charged with first degree murder and convicted of second degree murder. However, *Williams requested* the instruction on the lesser included offense. On appeal, Williams contended the offense was barred by the statute of limitations but the Court denied relief, because Williams, *not the prosecutor*, requested the limitations-

barred offense. *Williams*, 684 F.2d at 298–299.

In distinguishing the two cases, the *Williams* Court focused on who requested the lesser included offense and noted:

> ... Obviously there could be no claim of waiver by Askins because it appears he was content with his insanity defense. It was the government that did not wish to run the risk of an all or nothing verdict on the charge of first degree murder.

*Id.* at 299.

However, in relation to Williams' request, the Court held:

> In the present case Williams received the charge he requested, and he was convicted of the lesser included offense contained therein. Murder in the first degree is a capital offense for which there is no statute of limitations. If the court had not given the requested lesser included offense charge, Williams would have been in the unenviable position of facing a verdict of guilty or not guilty on a capital offense. The requested charge was certainly in Williams' best interest under the circumstances. He requested the charge, did not object to the charge, was convicted under the charge and, in all probability, benefited from the charge. He cannot now complain of the result and his actions obviously constitute a waiver of the time limitation contained in [18 U.S.C.] § 3282.

*Id.* at 299–300.

I believe the distinction between *Williams* and *Askins* is controlling and in accord with the authority relied upon by the majority.[2] Pages 8–9. Consequently, utilizing these two cases, I would take this opportunity to establish the following

---

1. The State's question for review asks:

   By specifically requesting an instruction on a lesser included offense and invoking the benefit of that instruction, is the appellee estopped from complaining, upon his conviction for the lesser included offense, that the statute of limitations has expired on that offense?

   State's petition, pg. 3.

2. In fact the Court in *United States v. DeTar*, 832 F.2d 1110 (9th Cir.1987), expressly adopted the rationale in *Williams*:

> ... We prefer, however, the rule adopted by the Fourth Circuit in *United States v. Williams*, 684 F.2d 296, 299–300 (4th Cir. 1982). There the court held that a defendant who had requested and received an instruction on a lesser included offense, and had been convicted of it, had waived the bar of limitations by his conduct.

*DeTar*, 832 F.2d at 1115.

bright line rule: When a defendant requests and receives a charge on an offense barred by the statute of limitations, he is estopped from later asserting the limitations bar.[3] However, if the State requests and receives a charge on a limitations-barred offense, the defendant is *not* estopped from later asserting the limitations bar. In the instant case, because appellee requested the limitations-barred offense, the majority correctly concludes the trial judge erred in setting aside the original judgment. Pages 9–10.

This bright line rule would solve at least two current problems not resolved by the majority. First, the rule would resolve appellee's contention that, by accepting the State's argument, "... in future cases where the statute of limitations has already expired on lesser included offenses, the State could purposefully charge defendants with the greater offense as a means of circumventing the statute of limitations applicable to the time-barred offense." Page 7.[4] In addressing a similar concern, the *Askins* Court noted:

> To hold otherwise would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable.

> \*  \*  \*  \*  \*  \*

> A jury has said this man is not guilty of murder in the first degree and, therefore, he is entitled to every benefit to which any one else can be entitled who is also only guilty of murder in the second degree. This right of equal protection may not be taken away by the State choosing to proceed with the prosecution by some method which will deprive him of the benefit of the statute of limitations while others guilty of the like offense may have the benefit of the statute of limitations because the State has chosen to proceed with the prosecution by a different method.

---

3. This portion of the bright line rule is consistent with the plurality holding in *Lee v. State*, 818 S.W.2d 778 (Tex.Cr.App.1991), where we held the defendant was estopped from challenging the sufficiency of the evidence to support his

*Askins*, 251 F.2d at 911, n. 2 (quoting *Mitchell v. State*, 157 Fla. 121, 25 So.2d 73, 75 [1946]).

Second, by holding a defendant's request for the limitations-barred offense waives the statute of limitations, we avoid "... the alternative evils of misleading the jury or denying a defendant an instruction that he desires and would be entitled to, but for the bar of limitations." *United States v. DeTar*, 832 F.2d 1110, 1115 (9th Cir.1987). *See also, State v. Lambrechts*, 585 A.2d 645 (R.I.1991); *and, Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).

The foregoing bright line rule would allow the defendant an instruction that he desires and would be entitled to, but for the bar of limitations, and prevents the State from circumventing the statute of limitations by purposefully over-pleading its case.

## II.

Finally, I believe the majority's reliance on *Studer v. State*, 799 S.W.2d 263 (Tex.Cr. App.1990), is misplaced. In *Studer*, we interpreted Tex.Code Crim.Proc.Ann. art. 1.14 and Art. 5, § 12(b) of the Texas Constitution. We concluded jurisdiction was conferred upon the trial court by the presentment of a charging instrument and any defect or irregularity in the charging instrument must be raised *before trial*. *Studer*, 799 S.W.2d at 273.

*Studer* is inapplicable in the instant case because neither party contends the trial court lacked jurisdiction or that the indictment was defective. Indeed, the majority concedes the indictment was not subject to a pre-trial challenge:

> ... Before trial, appellee could not attack the indictment on limitations grounds because the indicted offense (involuntary manslaughter) was not time-barred.

---

conviction on a lesser included offense which he had requested. *Id.* at 781.

4. As noted above, the majority recognized appellee's contention but did *not* later address it.

Page 8. Rather, the majority concludes appellee appropriately informed the trial court of the limitations bar *after the verdict* was returned "by way of a motion to set aside the judgment." *Id.*[5] Therefore, the majority's reliance on *Studer* is wholly misplaced.[6]

With these comments, I concur only in the result.

MILLER and MALONEY, JJ., join this opinion.

CLINTON, Judge, dissenting.

Appellee was indicted for the felony offense of involuntary manslaughter. The jury found him guilty of the lesser included misdemeanor offense of driving while intoxicated. The trial court sentenced appellee to two years confinement in the county jail, a $2,000.00 fine, and a two year suspension of his driver's license upon his release.

Subsequently the trial court granted appellee's motion to set aside the judgment, predicated upon his claim that the statute of limitations had run on the misdemeanor offense under Article 12.02, V.A.C.C.P.[1] The State appealed this ruling pursuant to Article 44.01, V.A.C.C.P., contending that because appellee had requested the jury instruction authorizing a guilty verdict on the lesser included offense, he should not be heard to rely on the statute of limitations as a bar to conviction. The Beaumont Court of Appeals affirmed the trial court, however, observing that the State had failed to object to the requested instruction, and concluding that "[i]f the State wishes to avail itself of those lesser included offenses, then the State must seek its indictment of the felony offense prior to the running of the statute of limitations on those lesser included offenses." *State v. Yount*, 820 S.W.2d 252, at 254 (Tex.App.—Beaumont 1991). Having first refused the State's petition for discretionary review, we granted its motion for rehearing in order to address the contention that by requesting an instruction on the lesser included offense of driving while intoxicated, and thus avoiding conviction for the felony involuntary manslaughter, appellee has effectively

---

5. The dissent concludes the statute of limitations no longer deprives the trial court of jurisdiction. Judge Clinton continues: "This is to say, unless raised in the trial court in a timely manner, limitations will not operate to divest the trial court of authority to convict." Page 15 (Clinton, J., dissenting). However, Judge Clinton then states: "Yet Judge Baird also concludes that a limitations defense can be waived, without ever explaining the anomaly of holding that a jurisdictional matter can be subject to waiver." *Id.* at n. 5.

Unfortunately, Judge Clinton misses the point of part II. of my concurring opinion. The question of whether a limitations issue is jurisdictional or a defense has been the subject of some debate for many years as documented by both the majority and dissenting opinions and there is no need to unnecessarily elongate that discussion. However, it is clear from our opinions today that limitations can be waived if not timely asserted. This conclusion is consistent with the comment in the dissent that limitations "is more in the nature of an affirmative defense to prosecution, to be invoked at the option of the defendant; but that it does not otherwise deprive the trial court of authority to convict." Page 13 (Clinton, J., dissenting) (citing *United States v. Wild*, 551 F.2d 418 (C.A.D.C.1977)). Indeed the dissent notes that I describe this as "a limitations defense." However, the limitations bar is better explained as being in "the nature of" a defense. Clearly, no one today argues it should be treated as an affirmative defense under Tex.Penal Code Ann. § 2.04.

It is clear to me that *Studer* is inapplicable in the instant case because the validity of the charging instrument has not been contested. Indeed, the majority concedes the indictment was not subject to being attacked. Furthermore, as this case demonstrates, the issue of limitations may not be cognizable until after trial has begun. Therefore, it cannot be raised before trial as required by *Studer*.

6. The majority concludes its discussion of *Studer* with the following statement:

> ... Therefore, an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error.

Page 8. (Footnote omitted.)

Because the majority's reliance on *Studer* is misplaced, this statement is nothing more than *obiter dictum*.

1. Article 12.02, supra, reads:

> "An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."

This provision has remained essentially unchanged since 1857.

waived reliance upon the statute of limitations. See Tex.R.App.Pro., Rule 200(c)(2).

The State cites a host of cases in which this Court has applied a doctrine of invited error. In a number of contexts we have indeed held that a party may not, e.g., request a particular instruction, and then successfully complain on appeal when his request is honored by the trial court. E.g., *Tucker v. State*, 771 S.W.2d 523, at 534 (Tex.Cr.App.1988).[2] The present matter is not quite that straightforward, however. Appellee has never complained that the trial court erred to give the lesser included offense instruction he specifically requested. Indeed, appellee has not complained of any action on the trial court's part. The issue in this case really boils down to whether limitations is subject to waiver; and if so, whether appellee waived it here by requesting the lesser included offense instruction.[3]

## I.

In almost every court that has considered it, the question of whether limitations can be waived centers around whether it is jurisdictional in nature. See Annotation: Waivability of Bar of Limitations Against Criminal Prosecutions, 78 A.L.R.4th 693. A number of courts have held that the trial court lacks authority to render judgment upon a limitations barred offense. E.g., *People v. McGee*, 1 Cal.2d 611, 36 P.2d 378 (1934); *State v. Muentner*, 138 Wis.2d 374, 406 N.W.2d 415 (1987). Others have concluded that limitations is more in the nature of an affirmative defense to prosecution, to be invoked at the option of the defendant; but that it does not otherwise deprive the trial court of the authority to convict. E.g., *United States v. Wild*, 551 F.2d 418 (C.A.D.C.1977); *United States v. Arky*, 938 F.2d 579 (C.A.5 1991); *State v. Lambrechts*, 585 A.2d 645 (R.I.1991); *State*

*v. Littlejohn*, 199 Conn. 631, 508 A.2d 1376 (1986). Cf. *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) (not unconstitutional to force a capital murder defendant to waive statute of limitations in order to obtain the benefit of "third option" of an instruction authorizing conviction for a lesser included offense that is otherwise barred by limitations). Some commentators have suggested that limitations should be subject to waiver whether it is perceived as jurisdictional or not, so long as the waiver is knowing and intelligent, and evidence thereof is spread upon the record. See Waiver of the Statute of Limitations in Criminal Prosecutions: *United States v. Wild*, 90 Harv.L.Rev. 1550 (1977); Comment, The Statute of Limitations in a Criminal Case: Can it be Waived?, 18 Wm. & Mary L.Rev. 823 (1977). At least one court has embraced this approach. *Padie v. State*, 594 P.2d 50 (Alaska 1979). One state has held limitations to be jurisdictional, but nevertheless subject to waiver pursuant to a particular statutory provision requiring that jurisdictional defects be preserved in the trial court to be entertained on appeal. *State v. Larson*, 240 Mont. 203, 783 P.2d 416 (1989). Yet another state has a specific statutory provision allowing conviction of lesser included offenses that are otherwise limitations barred if the conviction is had under an indictment charging a greater offense that, although rejected by the jury, was supported by the evidence. *State v. Hicks*, 495 A.2d 765 (Me.1985).

This Court has not been entirely consistent in its pronouncements regarding limitations. On the one hand we have observed that "[l]imitations are a matter of defense and must be asserted on the trial by the defendant in criminal cases." *Ex parte Ward*, 470 S.W.2d 684, at 686 (Tex. Cr.App.1971).[4] See also *Ex parte Schmidt*,

---

**2.** See also, e.g., *Capistran v. State*, 759 S.W.2d 121, 124 (Tex.Cr.App.1988) (Opinion on motions for rehearing); *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Cr.App.1979); *Carriger v. State*, 153 Tex.Cr.R. 390, 220 S.W.2d 169 (1949); and all cases cited therein.

**3.** I cannot find in the record where appellee made such a request. Nevertheless, the court of

appeals found that he did, and appellee concedes as much in his brief before this Court. I accept the case, therefore, in that posture.

**4.** The Court in *Ward* relied for this proposition on the opinion of the United States Supreme Court in *Biddinger v. Commissioner of Police of the City of New York*, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917). But even assuming the

500 S.W.2d 144 (Tex.Cr.App.1973). Given such a view, one might expect that we had held that limitations is not, in fact, jurisdictional in nature, but is, rather, optional with the defendant, and hence subject to waiver, if not outright forfeiture. That is not the case, however. Long ago our predecessor court, the Court of Appeals, held that "[i]t is not necessary for a defendant relying on the statute of limitations to plead it in bar. It devolves on the prosecuting power to show an offense within the statutory period." *White v. The State*, 4 Tex.App. 488, at 490 (1878). The State indicted White for the offense of murder. The jury returned a verdict on the lesser included offense of manslaughter, and White was convicted thereon. He then challenged the conviction by way of a motion in arrest of judgment, claiming that the lesser included offense was barred by limitations. His motion was denied. The Court of Appeals reversed the trial court, however, and dismissed the cause. See also *Fuecher v. State*, 33 Tex.Cr.R. 22, 24 S.W. 292 (1893).

In *McKinney v. State*, 96 Tex.Cr.R. 342, 257 S.W. 258 (1923), the defendant was indicted and convicted of the offense of murder. The trial court gave the jury an instruction that should it find McKinney guilty of any of a number of lesser included offenses that were raised by the evidence but barred by limitations, it should acquit him. McKinney argued that giving the jury an all-or-nothing alternative such as this encouraged the jury to convict him of the greater offense of murder. On rehearing the Court reiterated its rejection of this claim:

> "As we understand it, the proposition urged is that the court should have permitted the jury to return a verdict for manslaughter, or some grade of assault, if they found appellant to be guilty of such under the instructions of the court and then have left it to appellant to say whether he would accept the verdict or interpose his plea of limitation later. We cannot agree to the soundness of this

contention. The courts are not called upon to do a useless or unnecessary thing, and the learned trial judge recognized that all offenses included under the indictment were barred save that of murder, and it was his duty to instruct the jury as he did."

*Id.*, at 260. This language seems unequivocally to indicate that limitations is not a matter left to the option of the accused. Instead we viewed it as a matter impacting the authority of the trial court to convict.

In other contexts over the years we also seem to have understood limitations to be jurisdictional. In *Ex parte Black*, 55 Tex. Cr.R. 121, 113 S.W. 534 (1908), this Court sustained a pre-trial challenge to prosecution for a limitations barred offense. *In Ex parte Hoard*, 63 Tex.Cr.R. 519, 140 S.W. 449 (1911), we sustained a post-conviction collateral attack on the basis of a limitations bar. In both *Ex parte Conway*, 118 Tex.Cr.R. 148, 37 S.W.2d 1017 (1931), and *Ex parte Morin*, 172 Tex.Cr.R. 322, 356 S.W.2d 689 (1962), we entertained, but rejected on the merits, collateral attacks based upon claims that applicants' convictions were barred by limitations. And in *Jackson v. State*, 489 S.W.2d 565 (Tex.Cr. App.1973), we reversed a conviction on the grounds that the applicable statute of limitations had run even though the claim was presented for the first time in a motion for rehearing. None of these avenues of relief would have been open unless this Court understood the running of limitations to deprive the trial court of the authority to convict. E.g., *Ex parte Ricketts*, 148 Tex. Cr.R. 569, 189 S.W.2d 872 (1945).

In the late 1970's the Court began to be more direct in its expression that limitations presents a jurisdictional bar. We held, for example, that "if the pleading, on its face, shows that the offense charged is barred by limitations the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted." *Ex parte Dickerson*, 549

Supreme Court had authority to construe Texas law, it had no occasion to, and did not purport to do so in *Biddinger*. Whether under Texas

law limitations is "a matter of defense [that] must be asserted on the trial" was not before the *Biddinger* Court.

S.W.2d 202, at 203 (Tex.Cr.App.1977), citing, *inter alia, Ex parte Hoard,* and *People v. McGee,* both supra. The Court in *Dickerson* went on to observe:

> "Usually limitation is a matter which must be asserted as a defense in civil actions and in criminal prosecutions in some jurisdictions; however, our statute provides, as do those of many other jurisdictions, that an indictment must allege the offense was committed at a time not so remote that the prosecution of the offense is barred by limitations. Article 21.02(6), V.A.C.C.P."

*Id.* Thus we seem belatedly to have identified the source for our long-time understanding that limitations is jurisdictional *not* in the language of Chapter 12, V.A.C.C.P., itself, wherein our statutes of limitation are found, but in Chapter 21, V.A.C.C.P., governing pleading requisites. See also *Dickerson v. State,* 571 S.W.2d 942 (Tex.Cr.App.1978); *Ex parte County,* 601 S.W.2d 357 (Tex.Cr.App.1980).

Any notion that an indictment or information that fails to allege facts sufficient to show no limitations bar is insufficient to vest the trial court with jurisdiction, however, cannot survive this Court's recent holding in *Studer v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990). There we held that, following the 1985 amendments to Article V, § 12 of the Texas Constitution and Article 1.14(b), V.A.C.C.P., defects of either form or substance in a charging instrument do not deprive the trial court of authority to proceed to trial and convict. Such defects no longer implicate jurisdiction of the court, and therefore cannot be raised collaterally, or for the first time on appeal, as before. Accordingly, whether we view an insufficient pleading as to limitations as a defect of form, see Article 27.09, § 2, V.A.C.C.P., and Articles 21.02(6) & 21.21(6), V.A.C.C.P., or as a defect of substance, see Article 27.08, § 2, V.A.C.C.P., it can no longer be said to impact the jurisdiction of the trial court.

In view of *Studer* I agree with the majority that limitations presents no jurisdictional impediment to prosecution. That is to say, unless raised in the trial court in a timely manner, limitations will not operate to divest the trial court of authority to convict.[5] The next question is whether in this cause appellee waived limitations in the trial court by requesting a jury instruction authorizing a verdict of guilty of the lesser included offense of driving while intoxicated. It is here that I part company with the majority.

## II.

That an indictment or information shows on its face that the offense alleged therein is limitations barred is a matter that now must be raised pretrial, or any error predicated on that defect will be lost "on appeal or in any other postconviction proceeding." Article 1.14(b), supra; *Studer v. State,* supra. We cannot fairly expect a defendant to object pretrial, however, to a judgment of conviction for a lesser included offense that is barred by limitations, for, although the lesser included offense will be embraced within allegations of the greater, he has no way of knowing before trial whether the evidence may warrant a jury finding that he is guilty only of the lesser offense. He simply has no valid objection to the indictment under Article 1.14(b), supra. Nevertheless, he must make some kind of objection in the trial court to imposition of judgment on a limitations barred lesser included offense, or else, since limitations is not jurisdictional, he will lose the claim.

In the instant cause appellant did raise his limitations defense in the trial court, via a motion to set aside the judgment. See Tex.R.App.Pro., Rules 33, 34 & 35; *White v. The State,* supra. The question remains whether he is estopped from raising his claim at this juncture, having himself re-

---

5. In a separate concurring opinion Judge Baird maintains that *Studer* is inapposite. If that were true, I do not see how we could escape the conclusion that limitations is jurisdictional, since before *Studer* the Court had always considered limitations to affect the authority of the trial court to convict. See text, *ante.* Yet Judge Baird also concludes that a limitations defense can be waived, without ever explaining the anomaly of holding that a jurisdictional matter can be subject to waiver.

quested that the jury be authorized to return a verdict of guilty on the lesser included offense. In my view he is not.

A defendant is entitled to an instruction on a lesser offense if it is analytically included within the offense alleged in the indictment, under Articles 37.08 & 37.09, V.A.C.C.P., and if there is some evidence from which the jury could rationally conclude that he is guilty only of that lesser included offense. E.g., *Bell v. State*, 693 S.W.2d 434 (Tex.Cr.App.1985). The evidence in this cause established without dispute that appellee was driving the car in which three passengers were killed, and that he was intoxicated. But there was some dispute, however minimal, as to whether it was he or the driver he struck head-on who was driving on the wrong side of the two lane highway on which the fatal collision occurred. Thus, the record presents a rational basis for the jury to doubt that appellee "caused" the deaths "by reason of [his] intoxication." V.T.C.A. Penal Code, § 19.05(a)(2). On that basis the jury could rationally acquit him of involuntary manslaughter. Because there was evidence that appellee was guilty only of the lesser included offense of driving while intoxicated, he was entitled under our law to an instruction. The only possible legal justification for denying it is that the lesser included offense was subject to a limitations bar. But because we have concluded that limitations is not jurisdictional, we cannot say that the trial court was without power and authority to give the instruction.[6]

The State did not object at trial to the lesser included offense instruction. *State v. Yount*, supra, at 254. The State does not now argue that the trial court erred to give that instruction. Rather, the State maintains that, having given the instruction, the trial court erred to set aside the judgment on the basis of limitations. But I must agree with the observation of the Wisconsin Supreme Court that "[w]hether a defendant is entitled to a lesser included offense instruction and whether the statute of limitations has run on a crime are two separate questions." *State v. Muentner*, supra, 406 N.W.2d at 420. A request for a lesser included offense instruction has been held insufficient to constitute a waiver of a limitations defense. *Id.; Tucker v. State*, 459 So.2d 306 (Fla.1984); *Hall v. State*, 497 So.2d 1145 (Ala.Cr.App.1986). Contra: *United States v. Williams*, 684 F.2d 296 (CA 4 1982); *State v. Lambrechts*, supra. I see nothing inherently contradictory in allowing an accused his right to a jury determination of exactly what grade of offense he committed, while also affording him the protection of a limitations defense should the only offense the jury finds he did in fact commit be barred by limitations.[7] It may be argued as a matter of policy that an accused should be *required* to waive a limitations defense as a condition of obtaining an instruction on a lesser included offense that may be limitations barred. See *Tucker v. State*, supra; *Spaziano v. Florida*, supra. That question is not before us in this cause, however, since the instruction here was given unconditionally, and without objection from the State.[8]

---

6. In *McKinney v. State*, supra, we held it was not error to refuse to instruct the jury that it could find McKinney guilty of any of several lesser included offenses, as he had requested. Instead we held the trial court correctly instructed the jury that if it should find he committed one of those offenses rather than the indicted offense of murder, they should acquit him altogether. This may be the only appropriate disposition if we understand limitations to impose a jurisdictional bar to conviction for lesser included offenses. Today the Court concludes, however, and I agree, that limitations no longer presents such a bar.

7. This approach has at least one obvious advantage. It prevents the State from deliberately

charging an accused with a non-barred greater inclusive offense not warranted by the evidence and forcing him to accept conviction for an otherwise limitations barred lesser included offense. I mean to impute no such overreaching to the State in this cause, of course.

8. *Spaziano v. Florida*, supra, does not hold, as the State suggests, that all defendants, including those in Texas, *must* waive the statute of limitations in order to invoke the benefit of an instruction on a limitations barred lesser included offense. That is purely a question of state law, beyond the province of the United States Supreme Court. See n. 4, *ante*. The Supreme Court simply held in *Spaziano* that it does not violate the Eighth Amendment for Florida to

The majority draws analogy to, *inter alia*, *State v. Lee*, 818 S.W.2d 778 (Tex.Cr. App.1991). In *Lee* a plurality of the Court reiterated an earlier plurality holding in *Bradley v. State*, 688 S.W.2d 847 (Tex.Cr. App.1985), that a defendant who fails to object to a jury instruction on voluntary manslaughter as a lesser included offense of murder cannot then complain on appeal, after he is convicted of the lesser included offense, that the evidence is insufficient to establish the necessary element of sudden passion. This holding was premised, however, on the very peculiar interrelationship between the offenses of murder and voluntary manslaughter as defined by the Legislature. See V.T.C.A. Penal Code, §§ 19.02 and 19.04. In essence we said in *Bradley* that an accused is not entitled to the benefit of both a jury finding that he acted in sudden passion, and an appellate determination that he did not. I do not deem *Lee* and *Bradley* controlling here because under the law appellee *was* entitled *both* to a lesser included offense instruction, and, absent an express waiver, to a limitations defense.

I would hold that by merely requesting the instruction on the lesser included offense of driving while intoxicated, appellee did not waive his claim that conviction for that offense was barred by the statute of limitations. Appellee was free to raise the issue of limitations in the trial court once the factfinder had found him guilty of the lesser, limitations barred offense. The trial court therefore did not err in granting his motion to set aside the judgment of conviction for that offense.

Accordingly, I would affirm the judgment of the court of appeals. The majority does not, and for that reason I respectfully dissent.

require its defendants to waive the statute of limitations as a condition of obtaining an instruction on a limitations barred lesser included offense in a capital murder prosecution. Here the State did not insist on such a waiver in the trial court.