IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0594-05, 0595-05, 0596-05






STEVE CHARLES MCKINNEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


FORT BEND COUNTY





 Keller, P.J., filed a concurring opinion in which KEASLER, HERVEY,
and COCHRAN, JJ., joined.


 When a defendant requests the submission of a lesser offense and is convicted of that offense,
whether he is estopped from challenging the trial court's power to impose a conviction for that
offense (on the basis of legal or factual insufficiency, limitations, or lack of jurisdiction) depends on
the answer to a simple question: Does the infirmity alleged with respect to the requested lesser
offense apply also to the charged (greater) offense? If the answer to that question is "yes," then the
defendant's claim is legitimate, and the appellate court should proceed to consider it. If the answer
to that question is "no," then the defendant's claim is barred by estoppel. Not only is this distinction
easy to apply, but there is a sensible reason for it, and it harmonizes all of our past cases and the
outcome the Court reaches in the present case.

 The reason estoppel occurs when the answer to the above question is "no" is that the
defendant should not be allowed to benefit from an infirmity that he introduced. That is what the
defendants in State v. Lee (1) and State v. Yount (2) attempted to do. In Lee, the defendant was charged
with murder and requested the submission of a lesser offense instruction on voluntary manslaughter. (3) 
After being convicted of voluntary manslaughter, he claimed on appeal that the evidence was
insufficient to show the existence of "sudden passion," (4) a mitigating element that distinguished
voluntary manslaughter from murder. (5) But "sudden passion" was not an issue in the case until the
lesser offense was submitted, for the defendant's benefit. By attacking the existence of "sudden
passion," the defendant was essentially asserting that a voluntary manslaughter instruction should
never have been submitted in the first place. Since the defendant requested the instruction, he was
estopped from making such a challenge.

 In Yount, the defendant was charged with involuntary manslaughter, and he requested the
lesser offense of driving while intoxicated (DWI). (6) After conviction, in a motion to set aside the
judgment, the defendant claimed that conviction for DWI was barred by limitations. (7) But the
involuntary manslaughter offense was not barred by limitations; so the limitations problem was
introduced by the defendant himself in requesting the lesser offense of DWI. (8) In addressing this
claim, we discussed three cases from other jurisdictions: the first two held that a defendant's request
for the lesser offense instruction was essentially a waiver of the statute of limitations defense while
the third upheld a trial court's refusal to instruct on a lesser offense because the defendant had
refused to waive limitations. (9) Under either holding, Yount could not have complained: either he
procured the submission of a lesser offense that should not have been submitted due to the
limitations problem, in which case he was estopped from complaining about the flaw in submission,
or the valid submission of the lesser offense necessarily waived limitations, so that it was no longer
a defense.

 Jurisdiction provides another good illustration. By statute, a district court is permitted to try
a misdemeanor that is included within a felony offense, even though the misdemeanor would not
otherwise be subject to that court's jurisdiction. (10) Even without the legislation, a defendant's request
for an instruction on a lesser-included offense would surely be considered a waiver of any claim that
the district court lacked jurisdiction to try the misdemeanor. Of course, even with the legislation,
a defendant might request a lesser, misdemeanor offense that is not in fact included within the felony
offense charged. Submission of the lesser offense would be error under those circumstances, but the
defendant would be estopped from complaining about such an error, caused by his own conduct.

 However, when the answer to our framework question is "yes," that is, the infirmity applies
to both the greater and lesser offenses, then the situation is entirely different. For example,
jurisdiction could not be conferred on the district court to try a Class B misdemeanor requested as
a lesser offense by the defendant if the charged offense was only a Class A misdemeanor that was
not itself within the district court's jurisdiction. In Yount, we dismissed as "wholly different," from 
the estoppel situation in those cases where limitations had run on the charged offense. (11) If the
charged offense is barred by limitations, that infirmity is not removed simply because the defendant
happened to request a lesser offense that was also time-barred. In such a case, the defendant has not
introduced the limitations problem by requesting a lesser offense; the limitations problem existed
at the outset of the prosecution. Finally, there is a situation like the present case, where the
defendant attacks the sufficiency of the evidence to prove an element common to both the greater
and lesser offenses. In that situation, the defendant has not introduced the alleged deficiency by
requesting a lesser offense; rather, the alleged deficiency was inherent in the greater offense and
simply carried over to the lesser offense because it contained the same element.

 So, the estoppel rule articulated in Lee and Yount is valid, but applies only when the lesser
offense requested by the defendant introduces the alleged infirmity to the case. I agree that court
of appeals was not barred from conducting a legal sufficiency review and I concur in the judgment
of the Court.

Date filed: November 15, 2006

Publish






1. 818 S.W.2d 778.
2. 853 S.W.2d 6 (Tex. Crim. App. 1993)(op. on reh'g).
3. 818 S.W.2d at 778, 781.
4. Id. at 780.
5. See Tex. Pen. Code §§19.02, 19.04 (1974). 
6. 853 S.W.2d at 7.
7. Id.
8. Id. at 8.
9. Id. at 9.
10. Tex. Code Crim. Proc., Arts. 4.05 (jurisdiction of district courts), 4.06 (when felony
includes misdemeanor); see also Arts. 37.08, 37.09.
11. 853 S.W.2d at 8 (distinguishing Gallardo v. State, 768 S.W.2d 875, 879
(Tex.App.--San Antonio 1989, pet. ref'd) and Alston v. State, 738 S.W.2d 762 (Tex. App. --
Beaumont 1987, no pet.)).