In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00211-CR


______________________________




KEVEN MCENTIRE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 07F0288-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Keven McEntire appeals from his conviction on one count of indecency by exposure and one
count of aggravated assault on a child (trial court cause number 07F0288-102). In a companion case,
which is also before this Court on appeal, he was convicted of seven counts of aggravated sexual
assault of a child, one count of indecency by sexual contact, and one count of indecency by exposure
(trial court cause number 07F0287-102). The two cases, and all of the counts, were tried together
in a single conglomeration. The jury assessed punishment separately on each count, assessing one
life sentence and one ten-year sentence in this case, and seven life sentences, one twenty-year and
one ten-year sentence in the companion case.

 McEntire contends that the trial court violated his right to a public trial, as guaranteed by the
United States and Texas Constitutions, by closing portions of the trial to the public. We addressed
this issue in detail in our opinion of this date on his appeal in cause number 06-07-00210-CR. For
the reasons stated therein, we likewise conclude that error has not been shown.

 We affirm the judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: June 12, 2008

Date Decided: August 13, 2008


Do Not Publish



n Locked="false" Priority="10" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00009-CR

                                                ______________________________

 

 

                                  DANNY RAY MCCRARY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR00850

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Danny Ray
McCrary appeals the revocation of his community supervision for the underlying
offense of driving while intoxicated, third or more, on the sole ground that
the underlying information alleged an offense that occurred outside [of] the
applicable statute of limitations.  The
State argues that limitations were tolled by a prior indictment, which was
voluntarily dismissed by the State with the notation will reindict.  McCrary responds that, because any facts
tolling the applicable statute of limitations must . . . be pled in the
indictment, the trial court was without jurisdiction to hear the dispute since
the latter indictment failed to include such facts.[1]  See Tex. Code Crim. Proc. Ann. art. 12.05
(Vernon 2005).  Finding that McCrary has
waived this issue, we affirm the trial courts judgment.

If
the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on
the merits commences, he waives and forfeits the right to object to the defect,
error, or irregularity and he may not raise the objection on appeal or in any
other postconviction proceeding.

 

Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Vernon 2005). 
Implicit within this rule is that the offense charged must be one for
which the trial court has subject-matter jurisdiction.  Teal v.
State, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007).

            While
McCrary admits that he made no objection to the indictment below, he argues
that the indictment failed to confer subject-matter jurisdiction, because the
alleged offense was committed outside of the applicable statute of limitations,
and that this case should be analyzed for fundamental error.  Limitations is a defense; it is not
jurisdictional.  Tita v. State, 267 S.W.3d 33, 36 (Tex. Crim. App. 2008); State v. Yount, 853 S.W.2d 6, 8 (Tex.
Crim. App. 1993).

            McCrary
cites Studer v. State, 799 S.W.2d 263
(Tex. Crim. App. 1990).  Studer, however, subverts McCrarys
cause.  That case defined the statute of
limitations defense as a substance defect which, according to Article 1.14 of
the Texas Code of Criminal Procedure, must be raised before trial.  Id. at
267.  Studer
opined

the substance defect is no longer
considered to be one of a fundamental nature, in the sense that fundamental
means no jurisdiction was conferred, and the conviction on such a charging
instrument would not be reversed for a lack of jurisdiction in the trial
court.  This reasoning stands
independently of the last sentence of Art. V, § 12 which states jurisdiction is
conferred upon presentment and which further supports the notion that a
substance defect will not deprive a court of jurisdiction.

 

Id. at 27172 n.11.

 

            The
conclusion reached in Studer, that
such matters must be raised before trial, is further supported by Article
27.08(2) of the Texas Code of Criminal Procedure, which provides that a
defendant may object to the substance of an indictment if it appears from the
face thereof that the prosecution of the offense is barred by the applicable
statute of limitations.  Tex. Code Crim. Proc. Ann. art.
27.08(2) (Vernon 2006); see Tita, 267
S.W.3d at 37.

            In
this case, because McCrary failed to assert the limitations defense in the
trial court, the defense was forfeited.  Ex parte Smith, 178 S.W.3d 797, 803
(Tex. Crim. App. 2005); Proctor v. State,
967 S.W.2d 840, 844 (Tex. Crim. App. 1998); see
Tex. R. App. P. 33.1.  We overrule McCrarys sole point of error due
to lack of preservation.  Yount, 853 S.W.2d at 8. 

            We affirm
the trial courts judgment.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May
24, 2011  

Date Decided:             May
25, 2011

 

Do Not Publish

 

 

 











[1]For
reasons stated within this opinion, we do not address the issue of whether the
first indictment tolled the statute of limitations.  See
Hernandez v. State, 127 S.W.3d 768, 77172 (Tex. Crim. App. 2004) (tolling
can occur where subsequent indictment alleges same conduct, same act, or same
transaction as alleged in prior indictment).