**Roberto BISCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–95–00126–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 26, 1997.

Discretionary Review Refused Dec. 3, 1997.

**30**

Donald F. Killingsworth, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

Roberto Bisco ("Bisco") was charged with the offense of attempted murder of Ealey Mitchum ("Mitchum"); he appeals from a conviction by a jury of the lesser-included offense of aggravated assault. The trial court assessed Bisco's punishment at confinement in prison for eighteen years. Bisco assigns three points of error. We will affirm.

■ Bisco's first two points assert that the conviction should be reversed because the evidence was legally and factually insufficient to convict him. The oft-cited standard for review for complaints of legal insufficiency of the evidence to support a jury verdict is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Recently, the Court of Criminal Appeals has specifically authorized factual insufficiency reviews. *Clewis v. State*, 922 S.W.2d 126, 136 (Tex.Cr.App.1996). Under the standard for review of factual sufficiency of the evidence, we must consider all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

■ The Court of Criminal Appeals has also held that a defendant who requests a charge on a lesser-included offense and who does not object to that charge is estopped from complaining that the evidence is insufficient to establish the elements of the lesser offense where the jury agrees that he was guilty of the lesser charge. *State v. Lee*, 818 S.W.2d 778, 781 (Tex.Cr.App.1991). *See also State v. Yount*, 853 S.W.2d 6, 9 (Tex.Cr.App. 1993). Although the court has not spoken directly to the application of estoppel to a factual insufficiency challenge, the verdict of guilt of the lesser offense here came after a request by the defendant that the lesser offense be submitted to the jury and without an objection to the appropriateness of the charge. We conclude that estoppel to assert legal insufficiency of the evidence to support the conviction of a lesser included offense as expressed in *Lee* should be extended to preclude *Clewis* factual insufficiency complaints of such conviction.

■ If we be in error that the Appellant is estopped to assert factual insufficiency, we nevertheless hold that his conviction on the lesser offense of aggravated assault is not against the great weight of the evidence presented at the trial so as to be clearly wrong and unjust. Appellant did not testify. Three witnesses did testify about the occurrence: the State offered the testimony of the victim, Ealey Mitchum ("Ealey"), his thirteen

year old daughter, Kaisha Mitchum ("Kaisha"), and Appellant called Elma Marie Johnson ("Elma Marie"), his girl friend. Ealey's and Kaisha's testimony was similar except that Kaisha did not hear as much of the conversation between Ealey and Appellant or see as much as Ealey because she was seated a short distance away from the principals in Ealey's pickup truck. In sum, they said that Appellant, with a sawed-off gun in hand, angrily approached Ealey pertaining to the latter's use of an electric light to make a telephone call in the shop near the house in which Appellant and Elma Marie resided. Ealey said that Appellant fired but missed him once with the shotgun, threw it down on the ground and pulled out a pistol and shot him twice, once in the face and again in the side. Ealey stated that he never touched his own sawed-off shotgun, which was in his pickup. He claimed that Appellant permitted him to get into his pickup, only after Appellant removed Ealey's shotgun from the pickup. Then Ealey got in his vehicle and drove to a nearby Mini–Mart to call for help.

Elma Marie's version was that the conversation took place about Ealey's use of the building's lights. Appellant, holding a gun, warned Ealey not to go to his pickup to get his shotgun and fired a shot into the ground as further warning. Ealey got to his truck and grabbed his shotgun. Appellant fired again but did not hit Ealey, and Ealey dropped his gun. Appellant picked up Ealey's gun, and at that point there was another shot after which Appellant told the witness that he had shot Ealey and that she should call for an ambulance. Because, even in Elma Marie's version, Ealey's gun was in Appellant's possession, and Ealey had no access to it when he was shot, the jury's finding that Appellant did not act in self-defense at the time that he shot Ealey is supported by the evidence. We conclude that the verdict was not against the great weight of evidence so as to be wrong and unjust. Appellant's first and second points of error are overruled.

 Appellant's third and final point of error complains that the trial court erred in overruling Appellant's motion for mistrial when he walked down a courthouse hallway in the custody of a county transport officer where he was seen by some jurors. Appellant's counsel additionally stated that coming back from noon recess, Appellant was accompanied by the county officer and that he was wearing a leg brace. He contends this condition was violative of an accused's right to be tried by an impartial jury with the presumption of innocence fully intact and free of prejudice. *Gammage v. State*, 630 S.W.2d 309, 313 (Tex.App.—San Antonio 1982, pet. ref'd). *See Moore v. State*, 535 S.W.2d 357 (Tex.Cr.App.1976).

In response to the motion for mistrial, the trial court developed from Appellant's counsel that no handcuffs were used and that the leg brace was covered by Appellant's pants. The court stated that he had not observed the leg brace or that Appellant had limped when walking. Appellant's counsel did not offer any description of the alleged leg brace or what part of the brace, if anything, was visible to an observer on the occasion of the complaint. There was no suggestion as to which jurors, if any, might or could have observed Appellant in the hallway after the recess; nothing in the record reflects that a juror felt any prejudice toward Appellant or inferred that he was guilty from his appearance. Likewise, there is no proof that Appellant was prejudiced in either of the two other ways an accused can be harmed by restraints: the effect of physical restraints upon the accused's thought processes or that the restraints were an affront to the court and its proceedings. *Brown v. State*, 877 S.W.2d 869, 871 (Tex.App.—San Antonio 1994, no pet.). Appellant has failed to bring forward a record sufficient to show reversible error. Tex.R.App. P. 50(d). Even if this were error, the record supports the ruling that the error made no contribution to the conviction beyond a reasonable doubt. Tex.R. App .P. 81. Appellant's third point of error is overruled.

The judgment of the trial court is **affirmed**.