11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Eric Alexander Long

Appellant

Vs.                   No.  11-02-00056-CR C Appeal from Harris County

State of Texas

Appellee

 

The jury
convicted appellant of robbery, found the enhancement paragraphs to be true,
and assessed punishment at 36 years confinement.  We affirm.

In his
second and third points of error, appellant contends that the evidence is
legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).   In order to determine if the evidence is factually sufficient,
we must review all of the evidence in a neutral light and determine whether the
evidence supporting guilt is so weak as to render the conviction clearly wrong
and manifestly unjust or whether the evidence supporting guilt, although
adequate when taken alone, is so greatly outweighed by the overwhelming weight
of contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State 922 S.W.2d 126
(Tex.Cr.App.1996).








Thoa Diep
testified at trial that on October 26, 2000, she was working at the grocery
store that she owned.  Around 10:00
p.m., Diep was closing the store when appellant came in and asked to use the
telephone.  Appellant=s father lived across the street from Diep=s store. 
Appellant=s father was not home, and appellant went
outside of the store.  Appellant came
back in the store and asked to use the phone to call his uncle.  Appellant=s uncle was not home, and appellant again went outside of the
store.  Appellant returned to the store
a third time and asked Diep if he could buy a cigar.  Diep had to go to a secured area to get the cigar.  Before she got to the door of the secured
area, appellant approached Diep and told her to move to the back of the store. 

Diep
testified that appellant then Astrangled@ her
around her neck and hit her in the face. 
Diep tried to keep appellant from pushing her into the back room of the
store, but appellant was able to force her into the back room.   Appellant pushed Diep to the floor.  Diep stated that appellant took something
out of his pocket and that she thought it was a gun.  Diep thought that appellant was going to kill her, so she turned
her head.   However, appellant turned
and left the area.  After he left, Diep
locked the door to the back room and pushed the alarm for the police.  Diep could see appellant through the window of
the door.  Diep testified that appellant
took the money from the cash register. The police arrived and were able to
obtain the video from the surveillance camera in the store.  The police contacted appellant=s father, and he went to the store and
identified appellant on the video.  Appellant also testified at trial that he went
into Diep=s store three times.    The last time he went into the store,
appellant asked to buy a cigar. 
Appellant stated that, when Diep turned to get the cigar, he Acome up on her@ and pushed her.  Appellant said
that he hit Diep two times and that she fell to the floor.  Appellant testified that he then took the
money from the cash register and ran out of the store.  Appellant stated that, although he robbed
the store, he did not use or exhibit a deadly weapon.








Appellant
was indicted for the offense of aggravated robbery.  At the charge conference, appellant requested and received an
instruction on the lesser offense of robbery. 
A defendant who invokes the benefit of a lesser included offense at
trial is estopped from complaining on appeal that the evidence is legally
insufficient to support a conviction of the lesser offense.   State v. Lee,  818 S.W.2d 778 (Tex.Cr.App.1991), overruled on other grounds
by Moore v. State, 969 S.W.2d 4, 10 (Tex.Cr.App.1998); see also State v.
Yount, 853 S.W.2d 6 (Tex.Cr.App.1993); Torres v. State, 979 S.W.2d 668
(Tex.App. - San Antonio 1998, no pet=n).  We also find that appellant
is estopped from challenging the factual sufficiency of the evidence to support
his conviction of the lesser offense of robbery because he received the benefit
of the instruction on the lesser offense. 
Otting v. State, 8 S.W.3d 681, 687 (Tex.App. ‑ Austin 1999, pet=n ref=d, untimely filed); Reaves v. State, 970 S.W.2d 111, 118 (Tex.App. ‑
Dallas 1998, no pet=n);  Bisco v. State, 964 S.W.2d 29, 30 (Tex.App. ‑
Tyler 1997, pet=n ref'd). 


Moreover,
appellant argues that the evidence is legally and factually insufficient to
support his conviction for robbery because the State failed to prove that Diep
was the owner of the property taken as alleged in the indictment.  Appellant argues that the cash taken from
the register belonged to the store, not Diep. 
It is sufficient to allege ownership in either the owner or Aspecial owner.@  TEX. CODE CRIM. PRO. ANN. art.
21.08 (Vernon 1989); Harrell v. State, 852 S.W.2d 521, 523
(Tex.Cr.App.1993).  A Aspecial owner@ is an individual who is in custody or control of property belonging to
another person. Harrell v. State, supra; Roberts v. State, 513 S.W.2d 870, 872
(Tex.Cr.App.1974).  To show corporate ownership,
it is sufficient to allege ownership in the employee who has care, custody, and
control of the property, the Aspecial owner.@   Harrell v. State, supra; Roberts v. State,
supra.  Diep testified both that she Aruns@ the store and that she owns the grocery store.  Additionally, appellant testified at trial
that he committed the offense of robbery. 
We find that the evidence is both legally and factually sufficient to support
appellant=s conviction for robbery.  Appellant=s second and third points of error are overruled.

In his
first point of error, appellant argues that the trial court erred in failing to
discharge the jury panel pursuant to Batson v. Kentucky, 476 U.S. 79
(1986).  In Purkett v. Elem, 514 U.S.
765 (1995), the Supreme Court delineated the three‑step process for
properly determining a Batson challenge.  First, the opponent of a peremptory challenge must make out a
prima facie case of racial discrimination, essentially a burden of
production.  In the second step, the
burden of production shifts to the proponent of the strike to respond with a race‑neutral
explanation.  Third, if a race‑neutral
explanation has been proffered, the trial court must decide whether the
opponent of the strike has proved purposeful racial discrimination.  The burden of persuasion is on the opponent
of the strike to convince the trial court that the strike was racially
motivated.  Purkett v. Elem, supra; Ford
v. State, 1 S.W.3d 691, 693 (Tex.Cr.App.1999); Camacho v. State, 864 S.W.2d
524, 529 (Tex.Cr.App.1993), cert. den=d, 510 U.S. 1215 (1994).  








Appellant
complains that the State=s peremptory strikes used against Juror No. 10 and Juror No. 35 were
racially motivated.    At the Batson
hearing, the State informed the trial court that Juror No. 10 was struck
because he Aseemed to be nodding off, sleeping@ and Adid not seem to have a whole lot of interest in the proceedings.@   The
State said that Juror No. 35 is Aa retired teacher.  I don=t care for teachers for a punishment jury.@  The
State also added that Juror No. 35 Awas having a very good rapport with the Defense Attorney.@  The
record also indicates that Juror No. 35 thought that the defendant looked
familiar.  Appellant stated at the Batson
hearing that he was mainly bringing the challenge as to Juror No. 10.  Appellant did not respond to the State=s race-neutral explanation.  We hold that the trial court=s determination on the Batson issue
was not clearly erroneous.  See
Chamberlain v. State, 998 S.W.2d 230, 236 (Tex.Cr.App.1999), cert. den=d, 528 U.S. 1082 (2000). 
Appellant=s first point of error is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

December 12, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.