NO. 07-03-0179-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 15, 2004


______________________________



MICKLE A. NELSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-401,159; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Mickle A. Nelson contests his conviction for possessing a controlled
substance (cocaine). Through two issues, he contends that the evidence was both legally
and factually insufficient to support the conviction. We affirm the judgment of the trial
court. 

 Appellant was indicted for the offense of possessing, with intent to deliver, a
controlled substance. However, the trial court incorporated into its jury charge the lesser
included offense of simple possession. See Hanks v. State, 104 S.W.3d 695, 699 -700
(Tex. App.-El Paso 2003, pet. granted in part) (stating that simple possession is a lesser-
included offense of possession with intent to deliver). Neither party objected to the trial
court's action. Thereafter, the jury found appellant guilty of the lesser offense.

 By failing to object to the inclusion of the lesser-included offense in the jury charge,
an appellant is estopped from complaining on appeal that the evidence is legally or
factually insufficient to support the verdict. Jaramillo v. State, No. 07-00-0077-CR, 2000
Tex. App. Lexis 7697 at 2-3 (Tex. App.-Amarillo November 13, 2000, pet. ref'd); Otting v.
State, 8 S.W.3d 681, 686-87 (Tex. App.-Austin 1999, pet. ref'd); Reaves v. State, 970
S.W.2d 111, 118 (Tex. App.-Dallas 1998, no pet.); Bisco v. State, 964 S.W.2d 29, 30 (Tex.
App.-Tyler 1997, pet. ref'd); Taylor v. State, 947 S.W.2d 698, 702 (Tex. App.-Fort Worth
1997, pet. ref'd); see Tamez v. State, 865 S.W.2d 518, 519-20 (Tex. App.-Corpus Christi
1993, pet. ref'd) (applying the rule to issues involving legal sufficiency). Here, appellant
did not object to the inclusion of the lesser offense below. Thus, he cannot now question
either the legal or factual sufficiency of the evidence underlying his conviction. Id. 

 Nevertheless, we reviewed the evidence of record and find it both legally and
factually sufficient to illustrate that he knowingly possessed the cocaine found in the car. 
Though appellant was a passenger, the 13 cocaine rocks were found in a plastic gray case
sticking out between the seat and the center armrest on the passenger side of the vehicle. 
Furthermore, appellant had on his person a crack cocaine pipe. So too were two
marijuana cigarette butts found in the car ashtray, and the arresting officer noted the smell
of burned marijuana in the vehicle before making the arrests. The smell of marijuana, the
presence of marijuana cigarette butts within appellant's reach, the presence of a large
amount of crack cocaine next to appellant (as opposed to the driver of the car) and
appellant's possession of a device used to ingest contraband of the ilk discovered are
affirmative links upon which a jury could conclude beyond reasonable doubt that appellant
knowingly possessed the cocaine. And, though other evidence illustrated that the driver
may have possessed the contraband, it was not so weighty as to overwhelm that which
also linked appellant to the drug. 

 Accordingly, we overrule both issues and affirm the judgment.


 Brian Quinn 

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



brough, "We could
see, you know, if [Yarbrough] could come and pick up Bonnie [Rodriguez]," and then asked
Rodriguez "if [Rodriguez] wanted to go somewhere." According to Rodriguez, appellant
was aware that Yarbrough was looking for "some stuff" which Rodriguez understood meant
drugs. Williamson testified that after Rodriguez returned with the cocaine, appellant
suggested everyone go inside to avoid possible police surveillance. 

 Without considering Yarbrough's testimony, we conclude that, viewed in the light
most favorable to the verdict, the remaining evidence tends to connect appellant with the
offense. Thus, the evidence is sufficient to corroborate Yarbrough's testimony as required
by art. 38.141.

 We next review the evidence, including Yarbrough's testimony, for legal sufficiency. 
Scott Williams, a chemist with the Texas Department of Public Safety's laboratory, testified
that the substance sold to Williamson contained 1.64 grams of cocaine, a second degree
felony amount. See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2003). 
Yarbrough testified that appellant told her during the phone call arranging the transaction
that,

 "I don't have any stuff, but I can make a phone call and I can get you some." Appellant
also arranged for Yarbrough to let Rodriguez borrow Yarbrough's car. Yarbrough testified
that she did not deal directly with Rodriguez initially because she was more comfortable
with appellant, and knew appellant could get her the cocaine. Finally, Yarbrough testified
that she believed Rodriguez was acting under appellant's control. Considering this
evidence in the light most favorable to the jury's verdict, we conclude that the evidence was
sufficient to allow a rational jury to find the essential elements of the offense alleged beyond
a reasonable doubt. (3) See Jackson, 443 U.S. at 319; Clewis, 922 S.W.2d at 132. 
Therefore, the evidence was legally sufficient to support the jury's verdict. 

 We next review the evidence for factual sufficiency. In doing so, we review all of the
evidence in a neutral light to determine whether a rational jury could have found appellant
guilty beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484. 

 In addition to evidence we have previously noted, Rodriguez testified that appellant
did not direct her to get the cocaine. She claimed that the transaction was her doing, and
pled guilty to the offense. However, the jury is the final judge of the weight and credibility
of the evidence. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). We
will not consider a jury's findings unjust because the jury resolved conflicting views of the
evidence in favor of the State. Id. at 410. Hence, the jury could have resolved the
conflicting testimony by discounting Rodriguez's testimony minimizing appellant's role in
the transaction and believing the evidence portraying appellant as being in control of the
transaction. 

 Our review of the evidence leads us to conclude that (1) the evidence supporting the
verdict was not too weak to support a finding of guilt beyond a reasonable doubt, and (2)
the evidence contrary to the verdict was not so strong that the jury could not have found
appellant guilty beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484-85. That
being so, the evidence was factually sufficient. Id. 

 We overrule appellant's first issue. 

ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL By his second issue, appellant contends that his trial counsel provided ineffective
assistance by failing to (1) object to prosecutorial remarks during voir dire and closing; (2)
object to remarks of the presiding judge; (3) request a directed verdict; (4) request a
mistrial; (5) request a new trial; and (6) request probation from the judge after the jury
returned its verdict on punishment. 

 A claim of ineffective assistance of counsel requires appellant to show (1) that
counsel's performance was so deficient that counsel was not functioning as the "counsel"
guaranteed under the Sixth Amendment, and (2) that counsel's deficient performance
prejudiced appellant, depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Crim.App. 1986). To prevail in a claim of ineffective assistance of counsel, appellant
must prove both prongs of Strickland by a preponderance of the evidence. Tong v. State,
25 S.W.3d 707, 712 (Tex.Crim.App. 2000). 

 To successfully present an argument that counsel was ineffective because of a
failure to object to the State's questioning and argument, appellant must show that the trial
court would have committed error in overruling such objection. See Vaughn v. State, 931
S.W.2d 564, 566 (Tex.Crim.App. 1996) (en banc). Appellant does not contend that the trial
court would have erred in overruling an objection to the challenged prosecutorial
comments. He simply claims that the statements were manifestly improper. This
contention does not present anything for review. Id. 

 Further, although appellant claims that comments by the trial judge explaining why
he was sitting by assignment were prejudicial, he fails to cite supporting authority for his
contention or explain his failure to do so. See Tex. R. App. P. 38.1(h); Rocha v. State, 16
S.W.3d 1, 20 (Tex.Crim.App. 2000) (argument that fails to cite supporting authority
presents nothing for review). This contention presents nothing for review. 

 Appellant's proposition that trial counsel should have moved for a directed verdict
or new trial relies on the assumption that Yarbrough's testimony was inadequately
corroborated and that the evidence was legally and factually insufficient to support a guilty
verdict. However, we have previously determined that Yarbrough's testimony was
corroborated and that the evidence was sufficient to support the conviction. Hence,
appellant has not shown that he would have been entitled to a directed verdict or new trial
and that trial counsel's performance prejudiced his defense. See Charleston v. State, 33
S.W.3d 96, 101 (Tex.App.-Texarkana 2000, pet. ref'd). 

 Regarding trial counsel's failure to request a motion for mistrial or to request
probation from the trial judge after the jury's verdict, appellant does not demonstrate or
contend that there was a reasonable probability that either a mistrial or probation would
have been granted. He has not shown that but for counsel's action the result of the
proceeding would have been different. See McFarland v. State, 928 S.W.2d 482, 500
(Tex.Crim.App. 1996) (en banc); Miranda v. State, 993 S.W.2d 323, 329 (Tex.App.-Austin
1999, no pet.). 

 Appellant has failed to show prejudice from trial counsel's representation. Hence,
he has not met his burden to show ineffective assistance of counsel. See McFarland, 928
S.W.2d at 500. We overrule his second issue.

 Having overruled appellant's two issues, we affirm the judgment of the trial court.


 Phil Johnson

 Chief Justice

Do not publish. 
1. " 
 
 
 
 
 
 " -
 
2. 
 " "
3. 
 
 § 
 § 
 §