SCOTT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-139-CR

JERMAL R. SCOTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Jermal R. Scott appeals from his conviction by a jury for the offense of recklessly causing serious bodily injury to a child.  
See 
Tex. Penal Code Ann.
 § 22.04(a)(1) (Vernon 2003).  In three issues, appellant argues that (1) the trial court erred by failing to direct a verdict because there is no evidence of either the manner in which the child was injured or appellant’s mental state at the time, (2) the trial court erred by failing to direct a verdict because the evidence regarding appellant’s culpable mental state is factually insufficient, and (3) the trial court erred by overruling appellant’s objection to the prosecutor’s improper argument suggesting that his interest in the case was the public’s interest and thus superior to defense counsel’s interest.  We affirm.

II. Background Facts

On December 17, 2001, Fort Worth Police Officer L.N. Carrell responded to a 911 call from 5316 Libbey in Fort Worth.  Upon arriving, Officer Carrell met appellant, who told him that his daughter, K.S., was having a seizure.   K.S. was taken to Cook Children’s Hospital where she later died.  The medical examiner ruled that the cause of death was blunt force trauma to the head, and appellant was charged with knowingly causing serious bodily injury to a child.  
See id.
 

Appellant requested a jury charge on the lesser included offense of recklessly causing serious bodily injury to a child.  
See id. 
 The trial court granted appellant’s request.  A jury found appellant guilty of the lesser included offense of recklessly causing serious bodily injury to a child and assessed his punishment at eleven years’ confinement. 

III. Sufficiency of the Evidence

In his first and second issues, appellant argues that the trial court erred by failing to direct a verdict because the evidence regarding his culpable mental state at the time of the alleged offense was legally and factually insufficient.  A defendant who requests a charge on a lesser included offense may not complain on appeal that the evidence failed to establish all the elements of the lesser offense.  
See State v. Lee
, 818 S.W.2d 778, 781 (Tex. Crim. App. 1991), 
disapproved on other grounds
, 
Moore v. State
, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998); 
see also State v. Yount
, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on reh’g) (holding that defendant who requested charge on lesser included offense is estopped from claiming on appeal that conviction of lesser included offense is barred by limitations).   Although 
Lee
 
dealt with a legal sufficiency challenge, several courts of appeals, including this court, have applied this rule to factual sufficiency challenges as well.  
See Otting v. State
, 8 S.W.3d 681, 687 (Tex. App.སྭAustin 1999, pet. ref’d, untimely filed); 
Reaves v. State
, 970 S.W.2d 111, 118 (Tex. App.སྭDallas 1998, no pet.); 
Bisco v. State
, 964 S.W.2d 29, 30 (Tex. App.སྭTyler 1997, pet. ref’d); 
Taylor v. State
, 947 S.W.2d 698, 702 (Tex. App.སྭFort Worth 1997, pet. ref’d).  

Here, appellant requested a charge on the lesser included offense of recklessly causing serious bodily injury to a child, and a jury convicted appellant of the lesser included offense.  Accordingly, appellant may not complain on appeal that there is insufficient evidence regarding his culpable mental state at the time of the offense.  Moreover, after reviewing the record and applying the appropriate standards of review, we conclude that the evidence is legally and factually sufficient for the jury to find that appellant recklessly caused serious bodily injury to a child.  
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004);
 Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)

We overrule appellant’s first and second issues.  

IV. Jury Argument

In his third issue, appellant contends that the trial court erred by overruling his objection to the prosecutor’s argument suggesting that his interest in the case was the public’s interest and thus superior to defense counsel’s interest.  During the punishment stage of the trial, the prosecutor made the following argument:

[STATE]:  May it please the Court, Counsel, members of the jury.  Listen to [Defense Counsel’s] argument.  He is always very good.  He is an eloquent speaker.  I’m not such the eloquent speaker but I have passion and truth and righteousness on my side.  

He said that I’m going to get up here and yell and be angry and so forth, and yeah, I am angry about this, but I’m not going to yell very much.  But my job -- I am hired to be a public servant to represent the public’s interest.  [Defense Counsel is] hired to represent his interests.  I don’t actually represent [K.S.] --

[DEFENSE COUNSEL]:  Your Honor, I am also an officer of the court.  I think he is trying to make a distinction that I’m not, and by ethical rules of the Court and the Bar, we object to that.

  

THE COURT:  Overruled.  

ImproperJury Argument 

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

In the present case, the prosecutor argued to the jury that he and defense counsel were hired to represent different interests.  This argument does not fall within any of the four categories of permissible prosecutorial jury argument.  Nevertheless, the State contends that the prosecutor’s argument was proper because it is common knowledge that the prosecutor represents society.  We disagree.  

The prosecutor did not merely inform the jury that he represents society.  Rather, he drew a distinction between the interests the two attorneys were hired to represent.  Drawing this distinction could serve no purpose other than to imply that the prosecutor is more credible than defense counsel or that his cause is more worthy.  
See Lewis v. State
, 529 S.W.2d 533, 534 (Tex. Crim. App. 1975).  In 
Lewis
, the prosecutor argued that he had taken an oath to seek justice while defense counsel had not.  
Id
.  The court held that “the effect of this argument was to instruct the jury that only the prosecutors seek to uphold truth and justice, whereas defense counsel have a license to use any means at their command to mislead the jury.”
(footnote: 2)  
Id
;
 see Wilson v. State
, 938 S.W.2d 57, 58-59 (Tex. Crim. App. 1996), 
abrogated on other grounds
, 
Motilla v. State
, 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002); 
see also
 
Bell v. State
, 614 S.W.2d 122, 123 (Tex. Crim. App. [Panel Op.] 1981) (holding that the prosecutor’s argument, which contrasted the ethical obligations of the two attorneys, was improper).

Moreover, the court of criminal appeals has recognized that, generally, the public does not understand the code of ethics by which attorneys are bound.  
See Bray v. State
, 478 S.W.2d 89, 90 (Tex. Crim. App. 1972).  In 
Bray
, the prosecutor argued that he represents the public and that he is glad he does not have to represent someone like the defendant.  
Id
.  The court held that the argument was improper, noting that many in the public believe an attorney should not represent a person charged with a crime, particularly if there is some indication the person is guilty.  
Id
.  The prosecutor’s argument in the present case is similar to the arguments in 
Lewis
 and 
Bray 
in that the prosecutor was attempting to distinguish himself from the defense attorney.  Further, because no evidence was presented to show the interests that each attorney was hired to represent, the argument injected new facts into the case.  
See
 
Wilson
, 938 S.W.2d at 60.  Thus, we hold that the prosecutor’s argument was improper.  
Harm 
 

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259. 

Having determined that the prosecutor’s argument was improper, we must determine whether it affected appellant’s substantial rights.  We conclude that the effect of the misconduct was relatively mild in the present case.  
See
 
Martinez
, 17 S.W.3d at 693.  The argument, while improper, was not as flagrant as the conduct in 
Lewis
 and 
Bray
.  The prosecutor did not tell the jury that he was glad he does not represent appellant, nor did he argue that he and defense counsel took different oaths.  Further, even though appellant’s objection was overruled, the prosecutor did not continue with the improper argument.  
See Daggett v. State
, 103 S.W.3d 444, 452 (Tex. App.སྭSan Antonio 2002, pet. granted).  

Although the trial court overruled appellant’s objection and did not issue curative instructions to the jury, we cannot say that the prosecutor’s argument contributed to the severity of appellant’s sentence.  Appellant was convicted of recklessly causing serious bodily injury to a child, a second-degree felony, which has a penalty range of two to twenty years’ confinement.  
See
 
Tex. Penal Code Ann.
 §ྷ 12.33, 22.04(e) (Vernon 2003).  The State asked the jury to assess punishment at twenty years’ confinement, the maximum punishment, but the jury assessed appellant’s punishment at eleven years’ confinement.  Given the mildness of the prosecutor’s comments and the seriousness of the offense for which appellant was convicted, we conclude that the prosecutor’s improper argument was harmless.  We overrule appellant’s third issue.  

V. Conclusion

Having overruled appellant’s issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 21, 2005 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
According to rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct, a lawyer shall not knowingly “make a false statement of material fact or law to a tribunal.”  T
ex. Disciplinary R. Prof’l Conduct 
3.03(a)(1), reprinted in 
Tex. Gov’t Code Ann., 
tit. 2, subtit. G app. A (Vernon 2005) (
Tex. State Bar R. 
art. X, ྷ 9).