IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                             NOS.
PD-0594-05, 0595-05, 0596-05



 

 

                                        STEVE CHARLES McKINNEY, Appellant                

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                       FROM
THE FIRST COURT OF APPEALS

                                                         FORT BEND COUNTY



 

Johnson,
J., delivered the opinion of the Court in which Meyers, Price, Womack,
Holcomb and Cochran, JJ., joined. Keller, P.J., filed a concurring
opinion in which Keasler, Hervey and Cochran, JJ., joined.

 

                                                                  O
P I N I O N 

 








An
indictment returned in 2002 charged appellant with three counts of capital
murder.  Tex. Penal Code '
19.03.[1]  Appellant plead not guilty.  The state presented evidence at the guilt
phase of appellant=s jury
trial that, in October 2001, appellant and a female companion drove an
acquaintance, Christopher Torres, to the home of Guillermo Arvizu, the intended
victim, who was a known gang member, drug dealer, and firearms collector.[2]  Appellant and his female companion left
Torres at Arvizu=s home
and returned approximately twenty minutes later to pick up Torres.  When Torres failed to appear, appellant took
a sawed-off shotgun from his truck and, as he 
approached the house, accidentally discharged the shotgun.  Appellant reloaded the shotgun and fired
through the front door, killing Arvizu. 
Appellant opened the front door and entered the house, where he saw
Torres interrogating Arvizu=s
pregnant wife and five-year-old daughter at gunpoint.  As appellant left the house, Torres fatally
shot Arvizu=s wife
and daughter.  Appellant later helped
Torres dispose of the pistol used to kill Arvizu=s
wife and daughter.[3]








Appellant
requested and received a jury instruction on the lesser-included offense of
murder.[4]  The jury convicted appellant of the
lesser-included offense in the death of Arvizu and also of capital murder in
the deaths of Arvizu=s
wife and daughter.[5]  The jury found sufficient mitigating
circumstances to preclude the imposition of the death penalty, and the trial
court sentenced appellant to life imprisonment in the Texas Department of
Criminal JusticeBCorrectional
Institutions Division on each of the three counts.

Appellant
appealed, asserting that the evidence was both legally and factually
insufficient to show that appellant possessed the intent required to be
convicted of Avizu=s murder.
McKinney v. State, 177 S.W.3d 186 (Tex. App.BHouston
[1st Dist.] 2005).  The court of appeals,
relying on Bradley v. State,[6]
State v. Lee,[7]
and State v. Yount,[8]
reluctantly found that appellant was estopped from challenging the legal
sufficiency of the evidence on the murder conviction because he had requested
and received a jury instruction on the lesser-included offense of murder.  The court of appeals also found that the
evidence, when viewed neutrally, was factually sufficient to support the guilty
verdict returned against appellant.








Although
the court of appeals affirmed the decision of the trial court, it questioned
the continued viability of the estoppel doctrine under these
circumstances.  Perhaps in anticipation
of a ruling from this Court that the estoppel doctrine is no longer viable, the
court of appeals conducted a legal-sufficiency review of the evidence.  Viewing the evidence in a light most
favorable to the verdict, the court of appeals concluded that any rational
trier of fact could have found appellant guilty of murdering the victim beyond
a reasonable doubt.  Appellant petitioned
for discretionary review, and we granted review on three grounds.[9]  We 
affirm the judgment of the court of appeals.

                                                The
Lesser-Included-Offense Instruction

This
Court has implemented a two-prong test to determine whether a charge on a
lesser-included offense should be given. Mathis v. State, 67 S.W.3d 918,
925 (Tex. Crim. App. 2002)(citing Aguilar v. State, 682 S.W.2d 556 (Tex.
Crim. App. 1985)).  The first step is to
determine whether the offense is a lesser-included offense of the offense
charged. Id.  Here, appellant,
charged with capital murder, requested a lesser-included instruction on
murder.  We have recognized that murder
is a lesser-included offense of capital murder. Moore v. State, 969
S.W.2d 4, 9 (Tex. Crim. App. 1998); Tex.
Code Crim. Proc. art. 37.09(1). 
Therefore, appellant satisfies the first prong of the test. 

The
second prong of the test then requires an evaluation to determine whether some
evidence exists that would permit a jury to rationally find that, if the
defendant is guilty, he is guilty only of the lesser offense.  Mathis, 67 S.W.3d at  925.  In
other words, the evidence must establish the lesser-included offense as a
valid, rational alternative to the charged offense. Wesbrook v. State,
29 S.W.3d 103, 113 (Tex. Crim. App. 2000). 
If, as here, facts are elicited during trial that raise an issue of the
lesser-included offense, and the charge is properly requested, then a
charge  must be given.  Ross v. State, 861 S.W.2d 870, 877
(Tex. Crim. App. 1993)(op. on reh=g.).  








At
trial, the state introduced appellant=s
voluntary written statement.  In it,
appellant stated that Torres asked him to bring a shotgun with him to Arvizu=s house Ain
case there was trouble.@  When Torres did not appear at the designated
time to be picked up, appellant went to Arvizu=s
front door carrying a shotgun.  Appellant
admits that he discharged the first shot into the ground outside of the front
door, reloaded, cocked the shotgun, and then fired the second shot through the
front door when he heard voices on the other side of the door.  Nothing in the trial-court record suggests
that appellant killed Arvizu while attempting to commit or committing either
robbery or burglary,[10]
and appellant was charged with and convicted of killing Arvizu=s wife and daughter only as a
party.  Trial testimony raised the
possibility that appellant was acting as Torres=
backup and that he may not have intentionally fired the shotgun. In these
circumstances, murder is a viable alternative to capital murder, the offense
charged.[11]  Thus, appellant satisfies the second prong of
the test outlined in Mathis and the trial court, upon appellant=s request,  correctly instructed the jury on the
lesser-included charge of murder.

 

                                                               The
Estoppel Claim 








The
estoppel rule, as it pertains to instructions on lesser-included offenses,
first appeared as dicta in Bradley, a plurality opinion.[12]  Bradley was indicted and tried for murder,
but the jury convicted him of the lesser-included offense of voluntary
manslaughter, despite the defendant=s
Avociferous[]@objection
to this lesser-included instruction.  Id.
at 848.  The Court overturned Bradley=s conviction.

We therefore conclude
that, on the facts of this case, voluntary manslaughter should not have been
charged as a lesser included offense of murder over the objection of the
accused. Thus, we cannot resort to the rule that proof of a greater offense
will sustain a conviction for the lesser included offense to justify appellant=s conviction in this case.  Furthermore, because voluntary manslaughter
was not available to be charged as a lesser included offense to murder, the
evidence must establish every element of 19.04, as an offense in its own
right.  Because the evidence did not
raise, much less prove beyond a reasonable doubt, the element of sudden passion
in this case, appellant=s
conviction must be reversed and a judgment of acquittal entered.

 

 Id. at 853.  This Court stated in dicta at the end of its
opinion that, by invoking the benefit of an instruction on a lesser-included
offense Ain not
objecting to its submission to the jury, an accused will be estopped from then
complaining on appeal that the evidence failed to establish all the  elements of the [lesser] offense.@ Id.








In
1991, that dicta became a new rule of estoppel in Lee, 818 S.W.2d 778,
another plurality opinion.  Lee was
indicted for murder, and the jury, upon his request, was instructed on the
lesser-included offense of voluntary manslaughter and convicted him of that
offense.  Id. at 780-81.  Lee appealed, asserting that no evidence
existed to support a finding of guilt on voluntary manslaughter because there
was no evidence of the existence of the required element of sudden
passion.  Id at 780.  Although this Court acknowledged that the
estoppel language contained in Bradley was dicta, it nevertheless
reversed the appellate court=s
judgment and order of acquittal, reinstated the conviction and sentence of the
trial court, and explicitly held that, by invoking the benefit of a
lesser-included-offense instruction at trial, by either explicitly requesting
or failing to object to its submission to the jury, the defendant was estopped
from complaining on appeal that the evidence failed to establish the requisite
elements of the lesser offense. Id. at 781.   

The
most recent articulation of the estoppel rule established in Lee appeared
in 1993 in Yount, 853 S.W.2d 6. 
The indictment charged Yount with three counts of involuntary
manslaughter.  The defendant requested an
instruction on the lesser-included offense of misdemeanor driving while
intoxicated, and the jury found the defendant guilty of that offense.  Id. at 7.  Yount then filed a motion to set aside the
judgment because the statute of limitations had run on the misdemeanor offense.
Id.  Although Yount did not
involve a waiver of legal-sufficiency review, the majority opinion quoted Lee
and relied on its rationale in holding that the defendant waived his
challenge to the misdemeanor offense of driving while intoxicated when he
requested that an instruction of the lesser-included offense be submitted to
the jury.  Id. at 9.    








Since
Yount, there has been a significant confusion among the courts of
appeals as to whether, on appeal, the estoppel doctrine applies to challenges
to legal sufficiency of the evidence when a defendant requested and received
instructions on lesser-included offenses. 
See McLendon v. State, 167 S.W.3d 503 (Tex. App.BHouston [14th Dist.] 2005, no
pet.)(questioning Asoundness@ of estoppel rule despite application
of rule); Castillo v. State, 7 S.W.3d 253 (Tex. App.BAustin 1999, pet. ref=d.)(questioning continued Aviability@
of the estoppel rule despite application of rule); Otting v. State, 8
S.W.3d 681 (Tex. App.B
Austin 1999, pet. ref=d.)(extending
estoppel rule to factual sufficiency challenges); Bisco v. State, 964
S.W.2d 29 (Tex. App.BTyler
1997, pet. ref=d.)(extending
estoppel rule to both legal- and factual-sufficiency challenges); Grant v.
State, 950 S.W.2d 450 (Tex. App.BBeaumont
1997, pet. ref=d.)(applying
estoppel rule to voluntary-manslaughter convictions); Tamez v. State,
865 S.W.2d 518 (Tex. App.BCorpus
Christi 1993, pet. ref=d.)(same).  If the estoppel rule is still viable, we must
then consider whether the holding in Lee can be extended to estop
defendants from challenging the factual sufficiency of the evidence on any
appeal or whether the estoppel rule applies to only voluntary-manslaughter
cases in which the appellant challenges the existence of evidence of sudden
passion. 

Appellant
asserts in his first two grounds for review that, when the legal sufficiency of
the evidence is challenged and an instruction on a lesser-included offense is requested
and given, applying the estoppel bar Aacross
the board@ to all
criminal cases violates due process.  In
particular, appellant contends that: (1) a defendant has an absolute right to
challenge the legal sufficiency of the evidence on direct appeal, but that the
estoppel rule effectively forces a defendant to waive this right if the request
for an instruction on a lesser-included offense is granted; and (2) application
of the estoppel rule acts as a constructive guilty plea, thereby relieving the
state of its duty to prove its case beyond a reasonable doubt and the trial
court of its duty to admonish the defendant. 








Consequently,
appellant contends that the holding in Lee should be narrowly construed
to estop a defendant from challenging the sufficiency of the evidence only as
it pertains to the sudden- passion element of voluntary manslaughter in cases
arising before a 1993 amendment to the Texas Penal Code.  At the time Lee was decided, Tex. Penal Code '
19.04 defined voluntary manslaughter as causing the death of another individual
Aunder the immediate influence of sudden
passion arising from an adequate cause.@[13]  The current statute, which applies here, has
deleted sudden passion as an element of the offense that must be proved during
the guilt phase and transformed it into a defense to murder that must be proved
by the defendant in the punishment phase by a preponderance of the evidence.[14]

Appellant=s case is readily distinguishable from Bradley,
Lee, and Yount.  The
opinions in Bradley and Lee were plurality opinions in cases in
which the defendants were charged with murder and appealed their
voluntary-manslaughter convictions on the grounds that the state failed to
disprove the existence of sudden passion and thereby maintain a murder
conviction.  

Ostensibly,
the Bradley Court created the estoppel rule, as appellant suggests, to
prevent the state from having to prove an element (sudden passion) on appeal
that it sought to disprove at trial.  The
Lee Court subsequently seized on this dicta and transformed it into binding
case law.  There is, however, no case law
from this Court indicating that the holding in Lee was meant to be
extended beyond this very narrow group of cases.  Yount is also distinguishable in that
it did not involve an waiver of legal-sufficiency review, but rather applied Lee
to preclude the defendant from raising a challenge based on a claimed
violation of the statute of limitations, an issue that attacks the jurisdiction
of the court.








In
this case, appellant was charged with capital murder.  He requested and received a lesser-included
offense instruction on murder and was convicted of this lesser offense.  The facts of appellant=s
case indicate that, while the jury was also given an instruction on manslaughter,
it found him guilty of murder. 
Therefore, unlike the defendants in Bradley and Lee,
appellant is not challenging  the
sudden-passion element of a 
voluntary-manslaughter conviction. 
Furthermore, Lee is not applicable to appellant=s case because, by altering the
definition of voluntary manslaughter, the legislature prevented the state from
being placed in the untenable position of having to both attempt to disprove
sudden passion at trial and then prove the very same element on appeal. 








            Neither
the United States nor Texas Constitutions provide that a defendant has a right
to appeal a criminal conviction; the right to appeal is created by statute. Griffin
v. Illinois, 351 U.S. 12, 18 (1956); Griffin v. State, 145 S.W.3d
645, 646 (Tex. Crim. App. 2004); Tex.
Code Crim. Proc. art. 44.02.  This
Court has in the past permitted a defendant to challenge the legal[15]
as well as the factual sufficiency of the evidence on direct appeal.[16]  The inquiry on review of the legal
sufficiency of the evidence is whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt after
viewing the evidence in a light most favorable to the verdict.  Jackson v. Virginia, 443 U.S. 307,
318-19 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004).  Because the concern is ensuring
that the essential elements of the offense are proven beyond a reasonable
doubt, it makes little sense to preclude a defendant from challenging the legal
sufficiency of the evidence on appeal simply because he requested and received
an instruction on a lesser-included offense. 
Likewise, it makes little sense to extend the estoppel rule to preclude
a defendant from challenging the factual sufficiency of the evidence.

Thus,
we hold that the estoppel rule will not be applied to all criminal cases where
the legal sufficiency of the evidence is challenged and a lesser-included
offense instruction is requested and received, nor should the rule be extended
to preclude challenges to factual sufficiency. 
On the contrary, application of this estoppel rule should be confined
exclusively to the limited number of cases that challenge the sufficiency of
the evidence as it relates to the sudden-passion element of voluntary
manslaughter and that arose before September 1, 1994.[17]          

Appellant
also asserts that application of the estoppel rule acts as a constructive
guilty plea, thereby relieving the state of its duty to prove its case beyond a
reasonable doubt and the trial court of its duty to admonish the
defendant.  Appellant=s reliance on this position is
misplaced.  The court of appeals
correctly pointed out that, when a defendant requests a charge on a
lesser-included offense, he admits only that there is some evidence that, if
guilty, he is guilty of that lesser offense. McKinney, 177 S.W.3d at 193
(citing Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993)).  It does not mean that the
evidence proves that appellant is guilty of the lesser offense beyond a
reasonable doubt.  On the contrary, the
jury still must determine the weight and credibility of the evidence before
deciding to convict a defendant of the offense charged, the lesser-included
offense, or neither. 








   The court of appeals followed the holding of
Yount and its progeny in ruling that appellant was estopped from
challenging the legal sufficiency of the evidence, but it also (perhaps with an
abundance of hope) performed both legal- and factual-sufficiency analyses.  Under the rule we announce today, those sufficiency
analyses were properly conducted, and we therefore affirm the judgment of the
court of appeals.

 

Delivered: November 15, 2006

Publish











[1]
Tex. Penal Code
' 19.03 Capital Murder

(a)
A person commits an offense if the person commits murder as defined under
Section 19.02(b)(1) and:

***

(2)
the person intentionally commits the murder in the course of committing or
attempting to commit . . . burglary, 
robbery, . . .;

***

(8) the person murders an individual under six years
of age; . . ..





[2]
Sergeant Robert Becker of the Fort Bend Sheriff=s Office testified at trial that multiple weapons were
recovered from Arvizu=s residence, including a .45 caliber assault rifle, a
.40 caliber semi-automatic handgun, two 12-gauge shotguns, and an AR-15 assault
rifle. 





[3]
After police arrived, they discovered a
four-year-old female hiding in the bathroom. 
The child was unharmed.





[4]
According to the trial-court record, the judge
instructed the jury that AIf you find from the evidence beyond a reasonable
doubt that . . . the defendant . . . either acting alone or with another or
others as a party to the offense did intentionally and knowingly cause the
death of [the decedent] by unlawfully shooting him with a firearm, but you have
reasonable doubt as to whether the defendant was then and there engaged in the
commission of or attempting to commit robbery and burglary of a habitation at
the time of the said shooting, if any, then you will find the defendant guilty
of murder, but not capital murder.@





[5]
In an earlier trial, Christopher Torres was
convicted of two counts of capital murder in the shooting deaths of Arvizu=s wife and child and was sentenced to life
imprisonment.  Torres v. State,
2004 Tex. App. LEXIS 6334 (2004).  In
appellant=s trial, the jury received an instruction on the law
of parties, and appellant was also convicted of the capital murders of Arvizu=s wife and child. 
See Tex. Penal Code '' 7.01, 7.02.   





[6]
688 S.W.2d 847 (Tex. Crim. App. 1985), overruled on other grounds by Moore v. State, 969 S.W.2d 4 (Tex. Crim. App. 1998).





[7]
818 S.W.2d 778 (Tex. Crim. App. 1991), overruled
on other grounds by Moore v. State, 969 S.W.2d 4 (Tex. Crim. App. 1998).





[8]
853 S.W.2d 6 (Tex. Crim. App. 1993)(op. on reh=g.).





[9]
(1) The court of appeals erred in holding that
appellant was estopped from complaining that the evidence was legally
insufficient to support his conviction for murder because he requested and was
convicted of the lesser-included offense of murder;

 

(2)
Assuming arguendo that the court of appeals was bound by this Court=s estoppel jurisprudence, are those cases still good
law, or otherwise, were they improperly decided;

 

(3) Assuming arguendo that the court of appeals
is not bound by this Court=s estoppel jurisprudence, or should this Court agree
with the court of appeals=s reasoning that applying estoppel to this case and
other criminal cases is Ainappropriate,@ the
court of appeals=s legal sufficiency review of appellant=s conviction of murder is conclusory, incomplete, and
does not apply the proper standard of review, i.e., whether the evidence,
viewed in the light most favorable to the verdict, was legally sufficient to
support the conviction of murder beyond a reasonable doubt.





[10]
Detective Scott Chappel testified that, despite
the presence of many valuable items in the house at the time of the killings,
there was no indication that any items were removed from the house after the
crime.





[11]
Tex. Penal Code ' 19.02
Murder

(a)
In this section:

(1)
AAdequate cause@ means
cause that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper, sufficient to render the mind capable of
cool reflection.

(2)
ASudden passion@ means
passion directly caused by and arising out of provocation by the individual
killed or another acting with the person killed which passion arises at the
time of the offense and is not solely the result of former provocation.

(b)
A person commits an offense if he:

(1)
intentionally or knowingly causes the death of an individual;

(2) intends to cause serious
bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual . . . 





[12]  Four judges
concurred in the result, and two judges dissented.





[13]
Tex. Penal Code ' 19.04
Voluntary Manslaughter

(a)
A person commits an offense if he causes the death of an individual under
circumstances that would constitute murder under Section 19.02 of this code,
except that he caused the death under the immediate influence of sudden passion
arising from an adequate cause.

(b)
ASudden passion@ means
passion directly caused by and arising out of provocation by the individual
killed or another acting with the person killed which passion arises at the
time of the offense and is not solely the result of former provocation. 

(c)
AAdequate cause@ means
cause that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper, sufficient to render the mind incapable
of cool reflection.

(d) An offense under this section is a felony of the
second degree. 





[14]
Tex. Penal Code ' 19.04
Manslaughter

(a)
A person commits an offense if he recklessly causes the death of an individual.

(b)
An offense under this section is a felony of the second degree. 

 





[15] Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).





[16]
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996); Watson
v. State, ___ S.W.3d ___ (Tex. Crim. App. No. PD-0469-05, delivered October
18, 2005).





[17]
The 1993 amendment to Tex. Penal Code ' 19.04 took effect on September 1, 1994.